ELVIRA G. GREGORY *vs.* MELVILLE J. GREGORY,

Penobscot.     Opinion March 27, 1886.

*Divorce.     Decrees of other state courts.*

Courts of other states have no authority to decree a divorce between citizens of this state.

The courts of this state are not bound by the findings of courts of other states upon the jurisdictional question of residence of the parties.

ON EXCEPTIONS.

Action of dower. The defense set up a loss of dower by the divorce of the plaintiff's husband from her granted by the Recorder's Court of Chicago, Illinois, in 1870.

It was ruled by the court that if the husband really obtained a domicil in Illinois as a foundation for the divorce, it would be a valid divorce, although he went out of the state to obtain a domicil in order to obtain a divorce; that the motive for obtain-

ing a new domicil would be immaterial; but that if he went off to be gone only temporarily, in order to acquire a divorce, not really and actually renouncing his domicil here, or gaining another elsewhere, his wife having her domicil here all the time, then there was no domicil or jurisdiction in Illinois, and in such case the divorce was fraudulently obtained, and it would not be a defense to the claim of dower in the present action, and this general instruction was amplified in several ways. . .

But the defendant contended that even if only a temporary or conditional and not a real domicil was the ground of jurisdiction for the divorce, in the manner before recited, still that the divorce was valid unless it was obtained for some cause or alleged causes which occurred in this state while the parties lived in this state, or for some cause or alleged cause which would not authorize a divorce in this state; and the defendant requested such a ruling. The court declined to give such an instruction or ruling, and the defendant excepted thereto.

*Barker, Vose and Barker,* for the plaintiff, cited: 10 Mass. 497; 1 Bouvier's Law Dict. 443; Browne, Dom. Rel. 66; *Tolen* v. *Tolen,* 2 Blackf. 407; *Jenness* v. *Jenness,* 24 Ind. 355; *Ewing* v. *Ewing,* 24 Ind, 468; *Hood* v. *State,* 26 Am. R. 24; *Litowich* v. *Litowich,* 27 Am. R. 145; *Gettys* v. *Gettys,* 31 Am. R. 637.

*Josiah Crosby,* for the defendant, contended that the Chicago court had jurisdiction of the libel for divorce brought by the plaintiff's husband against her, that the finding of that court upon the jurisdictional fact of the residence of her husband in Chicago was conclusive and binding upon the court here, and that, therefore, the divorce was valid and binding though the only evidence of it was the certificate, granted at the time which did not recite the cause, the record having been destroyed in the Chicago fire and the libellant having deceased.

Counsel cited: *Hunt* v. *Hunt,* 28 Am. R. 136 (72 N. Y. 217); *Mills* v. *Duryee,* 3 U. S. (Lawyer's C. P. Co. ed.) 412, note; S. C. 7 Cranch, 481; *Zepp* v. *Hager,* 70 Ill. 223; *Craft* v. *Clark,* 31 Iowa, 77; *Westcot* v. *Brown,* 13 Ind. 83; Cooley's

Con. Lim. (5th ed.) 493 ; *Penobscot R. R. Co.* v. *Weeks*, 52
Maine, 464 ; Cooley's Con. Lim. (2 ed.) 17 note, 403, 404,
407 ; *Harding* v. *Alden*, 9 Maine, 140 ; *Hood* v. *Hood*, 11
Allen, 196 ; *Hood* v. *Hood*, 110 Mass. 463 ; *Hood* v. *State*,
26 Am. R. 24 ; *Hawkins* v. *Ragsdale*, 44 Am. R. 483 ; *Roth*
v. *Roth*, 44 Am. R. 81 ; *Buffum* v. *Stimpson*, 5 Allen, 591 ;
*Bissell* v. *Wheelock*, 11 Cush. 277 ; *Holmes* v. *Holmes*, 63
Maine, 420 ; U. S. Constitution.

EMERY, J. Marriage is a civil status. The rights and
obligations of the parties are not merely contractual, but are
fixed, changed or dissolved by law. In case of a conflict of laws,
the *lex domicilii* controls the status of the person, though his
contractual or property rights may be subject to other laws. The
state has the absolute right to determine or alter the civil status
of all its inhabitants. No matter where they may temporarily
be, and no matter where the contracts or acts giving rise to such
status may have been made or done. Other states or countries
will in this matter accept without question the decrees of the
courts of the home state. *Harding* v. *Alden*, 9 Maine, 140 ;
*Gregory* v. *Gregory*, 76 Maine, 535, and cases cited.

But the state has this power only over its own inhabitants.
The mere presence within its territory of the inhabitants of
other states gives it no authority to fix or change their status.
The state of their residence still retains its control over that. It
alone can free its citizens from marital obligations. Any
proceedings of another state to that end will be ineffectual and
will be disregarded elsewhere. *Gregory* v. *Gregory*, *supra*,
*Sewall* v. *Sewall*, 122 Mass. 156 ; *Gettys* v. *Gettys*, 31 Am.
R. 637 ; R. S., ch. 60, sec. 10.

In this case the marriage was in this state and both parties to
it were for a time inhabitants of this state. The defendants
allege that their ancestor, the husband, was effectually divorced
in Illinois. They produce a copy of a decree for such a divorce
upon the libel of the husband, made in the proper court of
Illinois, which decree we may admit for the purposes of this case
is regular and effectual, if the husband was at the time an
inhabitant of the state of Illinois.

Was he then an inhabitant of that state? The Illinois court found and declared that he was. The defendants say that finding is conclusive, that it cannot be questioned by our court. They rely upon the U. S. Constitution, Art. IV, sec. 1, requiring full faith and credit to be given in each state to the judicial proceedings of every other state.

It has been well settled however by judicial construction, that the constitutional provision above quoted, only applies when it appears that the court, whose judgment is invoked, had jurisdiction in fact. The clause quoted does not make a court's own declaration of its jurisdiction binding on the courts of other states. One court cannot by a simple *ipse dixit* compel other courts to yield jurisdiction. It has been repeatedly held therefore, that a court's jurisdiction can always be inquired into even against the express recitals and findings of the court. *Thompson* v. *Whitman*, 18 Wall. 457; *Pennoyer* v. *Neff*, 95 U. S. 714; *Sewall* v. *Sewall*, 122 Mass. 156; *Kerr* v. *Kerr*, 41 N. Y. 272; *Hoffman* v. *Hoffman*, 46 N. Y. 30.

In the case at bar, the residence of the husband at the time was the one fact which would uphold or defeat the jurisdiction of the Illinois court. The judge declined to be bound by the recitals of the Illinois court, and submitted the question of residence to the jury, instructing them, that if the husband was not an inhabitant of Illinois at the time, the Illinois decree of divorce was invalid. The judge did rightly and the instruction was correct.

If the Illinois court had no jurisdiction over the status of the husband Gregory, by reason of his non-residence in that state, he being an inhabitant of this state, that court could not effectually make any decree of divorce for any cause. Its decree for whatever cause would be void for want of jurisdiction over the person of the libellant. The requested instruction was therefore properly refused.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.