## Ida E. Stetson *vs.* George F. Stetson.

## Androscoggin.   Opinion August 3, 1888.

*Exceptions.   Divorce.   Custody of minor children.*

Exceptions do not lie to the decree of the presiding justice in relation to the care and custody of a minor child of divorced parents.

R. S., c. 60, §17, give the court complete authority over such a child, to be· exercised in to the discretion of the presiding justice according to the best interests of the child.

The care and custody of such a child may be given to a parent who resides. without the State.

On exceptions.

Petition for the custody of Arthur B. Stetson, a minor child: of the petitioner and respondent.

In 1883 a divorce was granted the respondent against the petitioner, and the custody of the minor child was then given to the father.

The petitioner resides in Boston, Massachusetts.

Upon this petition the court ordered : "Former decree to be· altered and amended so that the mother shall take and retain. general custody of the minor child until further order of court, the father to see the child on reasonable opportunities, and to· take him, if the father desires, into his possession for two weeks. each summer, during a vacation in his school."

To this order respondent alleged exceptions.

*N. and J. A. Morrill*, and *George C. Wing*, for the plaintiff, cited: R. S., c. 60, § 17; *Harvey* v. *Lane*, 66 Maine, 538; *In re McDowle*, 8 Johns. 328 ; *In re Waldron*, 13 Johns. 418 ; *In re Wollstonecraft*, 4 Johns. Ch. 80 ; Note Book, 1 N. Y. Ch. Rep. (Law ed.) 770 ; *Mercein* v. *People*, 25 Wend. 65 ; *U. S.* v. *Green*, 3 Mason, 482 ; *State* v. *Smith*, 6 Greenl. 462 ; *Barber* v. *Barber*, 21 How. 582 ; *Cheever* v. *Wilson*, 9 Wall. 108 ; *In re Welch*, 74 N. Y. 299.

*Frye, Cotton and White*, for defendant.

The petitioner's right to a change of custody of the child is

based on § 17, c. 60, of the Revised Statutes, which is as follows : "The court making a decree of nullity, or divorce, may also decree concerning the care, custody, and support of the minor children of the parties, and with which parent any of them shall live ; alter its decree from time to time as circumstances require ; and in execution of the powers given it by this chapter, may employ any compulsory process which it deems proper, by execution, attachment or other effectual form."

We maintain the following legal proposition : "When the aid of the court is once invoked to provide for the guardianship of infants, in case of separation of the parents, such infants become the wards of the court, and it cannot permit them to be removed beyond its jurisdiction."

It will not answer the law of the statute to say that *habeas corpus* or some other process may be resorted to for the enforcement of a right which a parent acquires under the court's decree. It may be that another court may aid in carrying out such decree ; but that fact does not sanction the violation of the implied prohibition of the statute. Even if such an order is a "judicial proceeding" within the meaning of Art. 4, § 1, of the Constitution of the United States," which the decisions of this court render doubtful (see *Hardin and ux* v. *Alden*, 9 Maine, 140), it affords no answer to our position. For in that event the action of the tribunals of another state would not be the direct compulsory process provided in this statute. This precise question under like circumstances arose and was determined in the case of *Main* v. *Main*, Vol. 11, p. 43, Ill. Rep.

On page 51 of the case, the judge rendering the opinion of the Supreme Court, says : "It is apparent from the record that there is some intention on the part of the mother, if allowed to retain the custody of the child, to remove her beyond the limits of the state. This cannot be tolerated and must be guarded against."

DANFORTH, J. The authority of the court granting a divorce, over the children, is found in R. S., c. 60, § 17, and is as follows, viz. : "The court making a decree of nullity, or of divorce, may also decree concerning the care, custody, and support of the

minor children of the parties, and with which parent any of them shall live, and alter the decree from time to time as circumstances require." We find no qualification or restraint of the power given except such as may be imposed by the sound discretion of the justice presiding. That the result of the decree may cause the removal of the child beyond the limits of the state, is not of itself an objection. This may be the effect in any case. Though the parent receiving the custody may at the time be a resident within the state, there is no authority, except in cases of crime, to prevent an immediate removal from the state. The order even in this case is not that the child shall be removed, though probably such may be the effect of it.

But even though it may be so, the child is not removed from the jurisdiction of the court. That has already attached. ' The decree is a conditional one, subject to modification and change. The mother takes the child subject to that condition. On any proper process for a change she is bound, wherever she may be, to take notice, and though she may not personally be within the jurisdiction of the court, the subject matter is, so that the judgment of the court will be valid and binding upon her, and by the provisions of the constitution of the United States may be enforced against her, though in another state.

In such a case as this the great governing principle for the guidance of the court is the good of the child. It may often be for the best interests of the child that it should be removed from the state for the purposes of education, business, or support. If there is any occasion for imposing restraint in this, it is competent for the justice presiding to impose it. The authority given by the statue is to be exercised with such discretion as may be required under the circumstances of each case, and when exercised, exceptions do not lie to the manner of its exercise.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.