(38 Misc. Rep. 668.)

In re LEDERER.

(Supreme Court, Special Term, New York County. September, 1902.)

1. RES JUDICATA—CUSTODY OF CHILD.
    Where the custody of a child has been awarded to her mother under a
    final order in habeas corpus proceedings, which order has never been
    modified, the father cannot procure a writ of habeas corpus to review the
    matter, without showing a material change in the situation.

In the matter of the application of George W. Lederer for writ of habeas corpus. Writ dismissed.

Franklin Bien, for the motion.
William J. Carr, opposed.

GILDERSLEEVE, J.   George W. Lederer obtained a writ of habeas corpus requiring his wife, Adele R. Lederer, to produce the infant child of the said George W. and Adele R. Lederer before the court for such disposition as to its custody as the court may make. It appears that the child is in the custody of the mother by virtue of an order of this court, made by Mr. Justice Dickey, and entered in Kings county on August 14, 1902, which order was made in a habeas corpus proceeding, and awarded to the mother the custody of the said child. This order has never been modified, and is now in full force and effect. This adjudication in Kings county is unquestionably conclusive here, if the same state of facts exists now as at the time such order was made. It appears from a comparison of the facts shown by the papers in the Kings county proceeding, a copy of which forms a part of the return to the petition in this proceeding, with the facts set up in the petition in this proceeding, that in all material respects the situation is unchanged. The only indication to the contrary is the mere assertion of the petitioner, in the traverse to the return, that "this writ is based upon evidence other than that offered on the former hearing, and acquired since August 14, 1902." This is not a sufficient proof to warrant the court in holding that the former adjudication is not binding. The following decisions are authority for holding that the adjudication of Mr. Justice Dickey is conclusive here, in the absence of proof to show a material change in the situation since August 14, 1902, viz.: Mercein v. People, 25 Wend. 64, 35 Am. Dec. 653; In re Price, 12 Hun, 508; People v. Moss, 6 App. Div. 422, 39 N. Y. Supp. 690. The petitioner is not without a remedy, as he can apply, if he sees fit, for the annulment or modification of the order of August 14, 1902, to the special term in Kings county. The present writ must be dismissed.

Writ dismissed.

¶ 1. See Habeas Corpus, vol. 25, Cent. Dig. § 84.