ALICE WHITE *vs.* HAROLD M. SHALIT.

Cumberland.　　　Opinion, October 8, 1938.

*Brann & Isaacson,*
*Charles A. Pomeroy,* for petitioner.
*Jacob H. Berman,*
*Edward J. Berman,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.   A divorce from the bonds of matrimony was, on May 15, 1928, in the Superior Court, within and for the County of Cumberland, granted the now petitioner, on the ground of utter desertion. She was given custody of the minor son, then three years of age.

A single sum, in the stead of alimony, and inclusive of future support of the child, was decreed. The ultimate and decisive point is whether the child's custodian had, at the June term, 1938, a right to petition the court that dissolved the marriage, to reconsider its decree, and, in respect to support money for the child, make, in the exercise of sound judicial discretion, modification or alteration, if proof should establish good cause.

Touching divorce, and rights relating to infant children of di-

vorced parents, the statute confers authority, entirely. *Henderson* v. *Henderson*, 64 Me., 419 ; *Stewart* v. *Stewart*, 78 Me., 548, 551, 7 A., 473. Statutory power and jurisdiction was, with regard to the instant case, both at the time of the divorce decree and the filing of the later petition, essentially the same. R. S. 1916, Chap. 65, Sec. 2, *et seq.* ; R. S. 1930, Chap. 73, Sec. 2, *et seq*. An amendment to Section 11, passed subsequent to the original decree, P. L. 1937, Chapter 7, allowing the revisal of alimony decrees, is not retroactive. *Sherburne* v. *Sherburne*, 6 Me., 210 ; *Fidelity & Deposit Company, Appellant*, 103 Me., 382, 69 A., 616. The right to divorce has been in the Superior Court in Cumberland since 1911. P. L. 1911, Chap. 196 ; see, too, R. S., Chap. 73, Sec. 2, of citation before.

The divorce statute provides :

"Sec. 14. The court making a decree of nullity, or of divorce, or any justice thereof in vacation, may also decree concerning the care, custody, and support of the minor children of the parties and with which parents any of them shall live, or … alter its decree from time to time as circumstances require ;…"

The decree, so far as a recital of its phrase seems germane, reads as follows :

"Custody of minor child, Lewis Bernard, is given to the libellant, the libellee to be permitted to visit or see the child on reasonable occasions and for reasonable times and at reasonable places. The libellee is ordered to pay to said libellant in lieu of alimony and support of minor child the sum of Fifteen Thousand Dollars. The libellant is to release all right she may have in the realty of the libellee upon the payment to her of said sum. Right is granted to the libellant to resume her maiden name of Alice Hortense White."

"Allowances to the wife for herself and allowances to her for the support of her children are usually included in one sum." *Hall* v. *Green*, 87 Me., 122, 124, 32 A., 796.

The parties are agreed: that the money the decree mentions was fully paid; that all of it has been expended; that petitioner is now without funds, and unable properly to care for her son; and that since the divorce both mother and child have been, and are, of domicile in Massachusetts.

The agreement of facts, which is treated as evidence, warrants fair inference that the change of home was made by her reasonably and in good faith.

The Maine statute treats alimony as a provision for the maintenance of the wife, and not necessarily for the support of such children as may be confided to her care and custody.

First, "pending a libel," the wife may be provided with means to defend or prosecute the divorce suit, and for her separate existence. R. S., Chap. 73, Sec. 6. The section deals also with the care and custody of minor children, but not, expressly at least, with their subsistence.

Means for prosecution or defense, it may be noticed in passing, should be granted the wife, if she is otherwise entitled, and has not sufficient means of her own. *Collins* v. *Collins*, 80 N. Y., 1. The cited case lays down that when the wife has such means, temporary alimony is, as a settled principle of equity, not allowable. *Collins* v. *Collins*, supra.

Section 9, to recur to the statute, is the source, limited to divorcement for the fault of the husband, for awarding permanent alimony. In lieu, award may be in a gross sum. (An amendment to this section, P. L. 1937, Chap. 155, is here without bearing.)

Section 14 invests authority where, after hearing, conclusion is that there should be a divorce, to determine, incidentally, as to the care, custody and support of the minor children of the parties.

Sustenance allowances may be fixed in instalments, or for a specific amount. *Call* v. *Call*, 65 Me., 407.

And there may be, from time to time, concerning children, variance of the decree, "as circumstances require." Section 14. *Stratton* v. *Stratton*, 73 Me., 481, so recognizes.

The language of the statute is comprehensive.

Exercise of delegated power and discharge of conjoined duty are not restricted to any particular period within the minority of the children, nor is especial retention of this branch of the case, while proper practice, prerequisite to revising the decree. The statute preserves jurisdiction beyond the ability of the parties to exclude, or of the court to deprive itself. *Hayes* v. *Hayes*, (Mo. App.,) 75 S. W. (2nd), 614; *Walters* v. *Walters*, (Miss.,) 177 So., 507; *Wilson* v. *Caswell*, 272 Mass., 297, 172 N. E., 251.

"That which is implied in the statute is as much a part of it as that which is expressed." 59 C. J., 973. The court retains seizin of the divorce suit. *Prescott* v. *Prescott*, 62 Me., 428, 430. The decree is a conditional one; prerogative to enter and to vary it is devolved in the same terms. *Harvey* v. *Lane*, 66 Me., 536, 538.

There can be no final judgment as to infant children, in a divorce case. *Keith* v. *Keith*, 270 Ky., 655, 110 S. W. (2nd), 424. Minor children of divorced parents are wards of the court. *Greenberg* v. *Greenberg*, 99 N. J. E., 461, 133 A., 768. Theirs are new legal statuses. *Stetson* v. *Stetson*, 80 Me., 483, 15 A., 60. Taking a child out of the state does not preclude the court. *Hersey* v. *Hersey*, 271 Mass., 545, 171 N. E., 815; *Stetson* v. *Stetson*, supra.

The State, true enough, has sway over its own inhabitants, only. *Gregory* v. *Gregory*, 78 Me,. 187, 189, 3 A., 280. But, the child is not removed from the jurisdiction of the court. "That has," as Judge Danforth observes, "already attached." *Stetson* v. *Stetson*, supra.

There may, when conditions justify it, be modification of the decree. *Luques* v. *Luques*, 127 Me., 356, 361, 143 A., 263; *Oakes* v. *Oakes*, 266 Mass., 150, 165 N. E., 17. Due attention may be given to agreements between the parties, but control of the court is not abrogated. *Oakes* v. *Oakes*, supra; *Burnett* v. *Paine*, 62 Me., 122.

Although the issues on a petition to alter a custody and support decree are joined by the parties to the original libel, finding and judgment will, primarily, be directed to the best interests and essential good of the incapacitated parties, that is to say, the minor children. *Stetson* v. *Stetson*, supra.

Massachusetts has a statute in these words:

"Section 29. If, after a divorce has been decreed in another jurisdiction, minor children of the marriage are inhabitants of or residents in this commonwealth, the superior or probate court for the county in which said minors or any of them are inhabitants or residents, upon petition of either parent or of a next friend in behalf of the children, after notice to both parents, shall have the same power to make decrees relative to their care, custody, education and maintenance, and to revise and alter such decrees or make new decrees, as if the divorce

had been decreed in this commonwealth." G. L., Chap. 208, Sec. 29.

In case of a conflict of laws, the law of the domicile regulates the status of the person. *Gregory* v. *Gregory*, supra.

But, nothing on the record goes to show that either this petitioner, or the respondent, had invoked the provisions of that statute.

One decree only, that of the Superior Court of the State of Maine, which has jurisdiction of all the parties, affects the subject under consideration.

It is too plain for discussion that the statute of Massachusetts did not supersede that of Maine; whether a decree under the Massachusetts statute would supersede the Maine decree, it is not necessary to inquire.

Contention that the emancipation of the child is effected, is not of moment. Divorce is not an act of the parties; it is an act of the law. A decree, awarding custody of children to the mother, may require the father to assist her in supporting his offspring. *Hall* v. *Green*, supra.

The situation is this: The still enduring decree is revisable in the court where it was entered. That decree, as regards the minor child, is not changeless. The court can give it new form. If, in equitable and considered judgment, an occasion has arisen where additional money should be paid for the support of the boy, the court can amend the decree.

Agreeably to stipulation in the report, the case is remanded, for hearing and decision.

*Ordered accordingly.*