**METCALF v. HELVERING, Commissioner of Internal Revenue.**

No. 141.

Circuit Court of Appeals, Second Circuit.

Jan. 15, 1940.

William D. Mitchell, of New York City, Harold B. Tanner, of Providence, R. I., and Rollin Browne and Kenneth W. Gemmill, both of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen. for respondent.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

This case involves the same question that was before us in Helvering v. Leonard, 2 Cir., 105 F.2d 900, where we held that, when the law of a state made final the settlement of a husband with his wife, preparatory to a divorce, the income from the trusts so set up was not taxable against the settlor. The only question open here is whether the settlement was final under the law of Maine, where the parties lived at the time of the divorce. That depends upon the meaning of § 11 of Chapter 73 of the Revised Statutes of Maine of 1930 [1], before the amendment of 1937 (Pub.Laws 1937, c. 7). In Stratton v. Stratton, 73 Me. 481, the Supreme Court of that state had before it an application to reduce alimony, which had been fixed by decree twenty years earlier. The parties had meanwhile neither "cohabited, nor either contracted a new marriage", and the court held that the application was too late; that is, that the same limitation applied to a change of alimony as applied to a new trial of the divorce itself. The opinion implied, however, that if either party had married, an application for modification of alimony might be made at any time, and we shall so assume. The Commissioner argues that since the taxpayer failed to prove that neither spouse had married, he must lose, on the theory that the burden was on him to show that the assessment was not lawful. The Board disposed of the cause upon quite another theory and the issue was not tried out at all; it would be an obvious injustice to affirm the order merely because the taxpayer failed to prove a collateral fact which neither party supposed material. Moreover, it is not altogether plain that even if one spouse had

---

[1] Sec. 11. New trial within three years, when granted. R.S. c. 65, § 11.—Within three years after judgment on a libel for divorce, a new trial may be granted as to the divorce when the parties have not cohabited, nor either contracted a new marriage since the former trial; and when either of the parties has contracted a new marriage since the former trial, a new trial may be granted as to alimony or specific sum decreed, on such terms as the court may impose and justice require, when it appears that justice has not been done through fraud, accident, mistake, or misfortune.

remarried, the assessment could stand. Such a marriage could scarcely result in an increase in alimony; and if not, it is at least open to argument whether the allowance actually fixed should be regarded as a payment in discharge of an enduring obligation. In any event until it appears that one of the spouses has in fact remarried the issue does not arise; for until then the provisions of a decree three years old are the absolute measure of the husband's obligation. The amendment of 1937 is not retroactive. White v. Shalit, 136 Me. 65, 1 A.2d 765.

The Commissioner also maintains that some part of the income from the trust was intended for the support of the children, and that so much at least was taxable against the taxpayer. That point also was not raised below, though a passage in the decree of divorce lends some color to the position. We do not pass upon the question now, further than to say that the Board will be free to consider it, if it is so advised, regardless of anything we are now deciding.

The order will be reversed and the cause remanded to the Board to determine both questions just mentioned.

Order reversed; cause remanded.