AUGUSTA Y. ROBERTS *vs.* FOREST R. ROBERTS.

Cumberland.        Opinion, January 6, 1941.

*Harry C. Libby*, for libelant.
*Verrill, Hale, Dana & Walker*, for libelee.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

WORSTER, J.   On exceptions. Libel for divorce heard by the presiding justice without the assistance of a jury. At the hearing the libelant relied principally on her allegation of utter desertion by the libelee without reasonable cause, continued for three consecutive years next prior to the filing of the libel, which, if proved, is a ground for divorce in Maine. The libelee set up in defense a decree of divorce from her, obtained by him on March 11, 1938, in a Florida court, which, unaccompanied by a copy of the record of the proceeding in which it was made, was admitted in evidence without objection.

Sometime after the parties were alleged in the libel to have been married in Woodstock, New Brunswick, they came to Portland, Maine, to reside, and were living there together on November 7, 1934. On that day the libelee left the libelant and they have never lived together since that time. After going to various places, the libelee arrived in Florida about October 20, 1937, where he obtained what he then supposed to be permanent employment. He claims that thereafterward he established a bona fide residence in that state, and that, at the expiration of the required length of time, he commenced the divorce proceeding in which the decree was obtained.

No notice of that proceeding was personally served on the libelant, who continued to reside in Maine, which is the last matrimonial domicile of these parties. She had no knowledge that her husband had applied for a divorce until long after the decree was made and filed. It does appear, however, from the recitals in the decree, that constructive notice by publication was given to her. While those recitals are not conclusive and binding upon this court (*Gregory* v. *Gregory*, 78 Me., 187, 3 A., 280, 57 Am. Rep., 792), yet in the absence of the record of the Florida case, and of any contradicting

evidence, the presumption is that constructive notice was given as stated in the decree, and that it was authorized by the statutes of that state. 17 Am. Jur., Divorce and Separation, Sec. 742, page 559.

But the libelant contends that this libelee never established a bona fide residence in Florida, and for that reason the court there never acquired jurisdiction.

Undoubtedly the residence of this libelee, in good faith, in Florida, was necessary to give the court there jurisdiction to grant him a divorce, for this libelant did not live there.

Whether or not the libelee established a domicile in Florida, or only pretended to do so for the sole purpose of obtaining a divorce, intending to return to Maine as soon as that object was accomplished, was a question of fact for the trial court. And there is testimony here which, if believed, supports the finding of the presiding justice that this libelee was a bona fide resident of Florida.

The case of *Usen* v. *Usen*, 136 Me., 480, 13 A. (2d), 738, 128 A. L. R., 1449, relied on by the libelant, is not in point.

In that case it was held that a citizen of this state who had not gained a bona fide residence in Florida was properly enjoined from prosecuting a divorce proceeding in a court in that state, against his wife, who was a resident of Maine.

This point avails the libelant nothing.

She further contends that the divorce is invalid, and of no force and effect in this state, because obtained in contravention of the provisions of R. S., Chap. 73, Sec. 12, which reads as follows:

"When residents of the state go out of it for the purpose of obtaining a divorce for causes which occurred here while the parties lived here, or which do not authorize a divorce here, and a divorce is thus obtained, it shall be void in this state; but in all other cases, a divorce decreed out of the state according to the law of the place, by a court having jurisdiction of the cause and of both parties, shall be valid here."

There is nothing in that statute to prevent a man leaving his wife in the state of their matrimonial domicile for justifiable cause, and, after establishing a bona fide domicile in another state, from maintaining divorce proceedings there in accordance with the laws of that state. *Gregory* v. *Gregory*, 76 Me., 535.

If, however, the husband obtains such divorce in a sister state only on constructive notice to the wife, who continues to reside in the state of matrimonial domicile without any actual knowledge whatsoever of the proceeding, as in the case at bar, that would not be conclusive and binding upon the courts in the state of matrimonial domicile under the full faith and credit clause of the Federal Constitution, and may be collaterally attacked by her. *Gregory* v. *Gregory*, 78 Me., 187, 3 A., 280, 57 Am. Rep., 792, *supra*; *Perkins* v. *Perkins*, 225 Mass., 82, 113 N. E., 841, L.R.A., 1917B, 1028; 17 Am. Jur., Divorce and Separation, Sec. 751, page 565.

The courts of the state of matrimonial domicile may, however, recognize such judgment of divorce granted in a sister state, as a matter of comity. See discussion in 17 Am. Jur., Divorce and Separation, Sec. 752, page 565, *et seq.* and cases there cited.

But before such divorce is recognized as a matter of comity, something more than the mere domicile of the spouse who procured it must be considered. The rights of the wife who continues to dwell in the state of matrimonial domicile must also be considered and safeguarded. And if it should appear that she is an innocent party, and that the recognition of such foreign divorce would work an injustice to her, it should not be recognized as a matter of comity.

In *Perkins* v. *Perkins*, supra, it was held that the courts of matrimonial domicile, which is retained by a wife innocent of matrimonial wrong, who was deserted by her husband, will not recognize on the ground of comity a divorce secured by him in another state without actual notice to her, although constructive notice had been given pursuant to the statutes of the state where the divorce was granted.

The contentions of the libelant in the instant case that she was innocent of any matrimonial wrong, and had been utterly deserted by the libelee, were questions of fact which should at least have been considered and passed upon by the trial court, in deciding whether or not the divorce granted by the Florida court should be recognized as a matter of comity, but no finding is recorded on that issue. Apparently the presiding justice considered that it was not necessary to do so, and proceeded on the erroneous theory that if this libelee was a bona fide resident of Florida, that was the only thing necessary to be considered as a basis for recognizing and giving effect to such divorce decree, for he found as follows:

". . . that the libelee, at the time of securing a divorce in the state of Florida, was a bona fide resident of that state and the decree secured there is valid and binding.

"For that reason, the libel is dismissed and denied."

Exceptions lie to a decision of a presiding justice based in part upon an error of law. See *Enoch C. Richards Company* v. *Libby, Ex'r,* 136 Me., 376, 10 A. (2d), 609.

For these reasons, mandate is

*Exceptions sustained.*