William J. Regan, S.
Manufacturers and Traders Trust Company, executors of the last will and testament of Ruth M. Sikes, by petition, are requesting the judicial settlement of *64 their accounts. It appears that the decedent, Ruth M. Sikes, died in the City of Buffalo on or about February 4, 1972, and that her last will and testament was duly admitted to probate by this court on April 7, 1972, upon which letters testamentary were issued to the petitioner.
The petitioner specifically prays for an order directing that the funds payable to Jonathan T. Sikes be made directly to him. Jonathan T. Sikes is of the age of 18 and according to the law of the State of New York, considered a “minor”. (EPTL 7-4.8, subd. [m].) Ordinarily, since he is under 21, his legacy would be deposited in a local banking institution under joint control of infant’s guardian and the Surrogate’s Court Guardian Department, pursuant to SCPA 2220 and 1708.
He is, however, a domiciliary of the Commonwealth of Massachusetts and has a legal residence at 14 Somerset Road, Lexington, Massachusetts, that being the home of his father, Albert Sikes.
The guardian ad litem has submitted to the court a letter from a practising attorney in the Commonwealth of Massachusetts wherein and whereby the attorney states that the Legislature of the Commonwealth of Massachusetts recently enacted legislation changing the age of attaining majority from 21 to 18. This court, upon review of chapter 925 of the laws of 1973 of the Commonwealth of Massachusetts, which was enacted by the Massachusetts Legislature in 1973 to take effect January 1, 1974, takes judicial notice of said law pursuant to CPLR 4511. Section 1 of chapter 925 of the laws of 1973 of the Commonwealth of Massachusetts provides as follows:
“Forty-eighth, ‘Minor’ shall mean any person under eighteen years of age.
“Forty-ninth, ‘Full age ’ shall mean eighteen years of age or older.
“ Fiftieth, ‘ Adult ’ shall mean any person who has attained the age of eighteen.
‘ ‘ Fifty-first, ‘ Age of majority ’ shall mean eighteen years of age.”
It is well-established law that the law of the domicile governs the age of majority and in this case the domicile is very clearly the Commonwealth of Massachusetts. (Matter of Altman, 138 N. Y. S. 2d 336; Matter of Golding, 127 Misc. 821.)
In view, therefore, that Jonathan T. Sikes is a domiciliary of the Commonwealth of Massachusetts and has attained the age of 18 years and is now regarded by Massachusetts as attaining his majority, he is entitled to receive, in his own *65 name, whatever portion of the property is payable to him under the last will and testament of Ruth M. Sikes.
It is, therefore, the decision of this court that the final account of petitioner be judicially settled and that the decree entered thereon direct the executor to pay the distributive share of Jonathan T. Sikes, to the said Jonathan T. Sikes, directly.