John ALVES, Appellant,

v.

Dora Lillian ALVES, Appellee.

Dora Lillian ALVES, Appellant,

v.

John ALVES, Appellee.

Nos. 8022, 8098.

District of Columbia Court of Appeals.

Argued Sept. 12, 1974.

Decided Oct. 31, 1975.

B. Austin Newton, Jr., Washington, D. C., for appellant in No. 8022 and appellee in No. 8098.

Charles H. Mayer, Washington, D. C., for appellee in No. 8022 and appellant in No. 8098.

Before GALLAGHER and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

GALLAGHER, Associate Judge:

Mr. and Mrs. Alves entered into a separation agreement in which custody of their two children, Timothy, born December 16, 1953, and Caroline, born August 11, 1960, was given to Mrs. Alves. In the agreement Mr. Alves agreed to pay Mrs. Alves $150.00 per month for the support and maintenance of each of the minor children. In 1968, Mr. and Mrs. Alves were divorced. The 1966 separation agreement was not incorporated into the divorce decree and there was no judicial award of custody or support. Mr. Alves was held to be domiciled in the District of Columbia, and the children were held to be domiciled with their mother in Maryland. *Alves v. Alves*, D.C.App., 262 A.2d 111 (1970).

In August, 1973, Mrs. Alves brought the present action to increase the support payments for the children. Mr. Alves sought termination of the support payments for his son, Timothy, then age 19, because of a recently enacted statute in Maryland which lowered the age of majority in the state from 21 to 18.[1] The trial court ruled that

---

1. Md.Ann.Code 1957 art. 1, § 24 (1973). Age of majority; meaning of "adult," "of legal age" and "minor."

 (a) Except as otherwise specifically provided by statute, a person eighteen years of age or more is an adult for all purposes whatsoever and has the same legal capacity, rights, powers, privileges, duties, liabilities, and responsibilities as prior to July 1, 1973, persons had at twenty-one years of age, and the "age of majority" is hereby declared to be eighteen years.

 (b)(1) The terms "adult" "of full age," or "of legal age" refer to persons who have attained the age of eighteen years.

the domicile of the child (Maryland) determined his majority or minority status. In determining the application of the new statute which lowered the age of majority in Maryland, the court, without the aid of recent decisions of the Maryland courts,[2] held that the intention of the parties was to support the children at the rate of $150 per month until majority, which was then 21 in Maryland. The trial court went on to hold that the support payments for Timothy could not be *terminated* as he was a third party beneficiary of the separation agreement between his parents and had a vested right to the support payments. In addition, however, the trial court held that Timothy's support payments could not be *increased* as the court had not previously issued a support order in this case and thus "Timothy had received no vested rights from this court and was an adult under the laws of the State of his domicile." Both Mr. and Mrs. Alves, appealing separately, contend the ruling of the trial court, which neither increased nor terminated the support payments to Timothy,[3] was erroneous.

■ We conclude the trial court erred in holding it had no authority to raise the support payment of Timothy, assuming it felt an increase was warranted.[4]

■ The trial court reasoned that since the court had not issued a custody or support order and had not incorporated the separation agreement into its order, the son had no vested rights emanating from this court. But it is not determinative in this case that the court had entered no prior support order. In *Lanahan v. Nevius,* D.C.App., 317 A.2d 521, 525 (1974), this court dealt with a settlement agreement providing for child support, which had not been incorporated into the divorce decree. We stated that in these circumstances "a court may find that a child support agreement does not provide a sufficient amount of money to meet a party's legal obligation to support and may order a larger sum to be paid, *Blumenthal v. Blumenthal* [D.C.Mun.App., 155 A.2d 525, 526–27 (1959)] . . . ."[5] *See also Emrich v. McNeil,* 75 U.S.App.D.C. 307, 126 F.2d 841 (1942). We do not view the absence of a prior court order as a bar to trial court consideration on the merits of a motion to increase support for the son. While a separation agreement which includes support payments may not be decreased by the court, on the other hand support payments of a minor may be *increased* when the court finds the payments do not provide a sufficient amount, all circumstances considered. *Lanahan v. Nevius, supra.*

The father previously obtained a divorce in this jurisdiction. The custodial parent

---

(2) The term "minor," as it pertains to legal age and capacity, refers to persons who have not attained the age of eighteen years. (1973, ch. 651, § 1.)

Acts 1973, chapter 651, section 51 "provides that the provisions of the act shall be construed only prospectively and shall not be applied or interpreted to have any effect upon or application to any event or happening occurring prior to July 1, 1973, or to any court decree, trust, will, deed or other instrument in effect prior to that date."

Acts 1973, chapter 651, section 52 "provides that the act shall take effect July 1, 1973."

2. *Monticello v. Monticello,* 271 Md. 168, 315 A.2d 520, *cert. denied,* 419 U.S. 880, 95 S.Ct. 145, 42 L.Ed.2d 121 (1974); *Kramer v. Kramer,* 26 Md.App. 620, 339 A.2d 328 (1975); *Abb v. Crossfield,* 23 Md.App. 232, 326 A.2d 234 (1974); *O'Connor v. O'Connor,* 22 Md.App. 519, 323 A.2d 632 (1974).

3. Neither party appealed the decision of the trial court which increased the support payments to Caroline by sixty dollars per month.

4. While the precise language of the separation agreement is unavailable to us, this does not preclude our consideration of the issue as it is evident the only real issue here is whether the son was as a matter of law a minor or an adult.

5. In *Blumenthal v. Blumenthal,* 107 U.S.App. D.C. 93, 274 F.2d 751 (1960), the United States Court of Appeals for the District of Columbia Circuit vacated *Blumenthal v. Blumenthal,* D.C.Mun.App., 155 A.2d 525 (1959), and remanded the case for reconsideration on other grounds. On reconsideration, in *Blumenthal v. Blumenthal,* D.C.Mun. App., 161 A.2d 137 (1960), the court adhered to its former decision. On the second appeal to the United States Court of Appeals for the

of the son (the mother) is domiciled in Maryland. As we have related, the state of Maryland enacted a statute in 1973 dropping the age of majority from 21 to 18. This jurisdiction has not yet done so and the age of majority remains at 21.[6]

The father's domicile normally determines that of the minor children. *Yarborough v. Yarborough*, 290 U.S. 202, 211, 54 S.Ct. 181, 78 L.Ed. 269 (1933); *Lamar v. Micou*, 112 U.S. 452, 470, 5 S.Ct. 221, 28 L.Ed. 751 (1884), *rehearing denied*, 114 U.S. 218, 5 S.Ct. 857, 29 L.Ed. 94 (1885); *Deming v. United States ex rel. Ward*, 59 App.D.C. 188, 190, 37 F.2d 818, 820 (1930); R. Leflar, American Conflicts Law 23 (1968). Where however, the parents are divorced the children's domicile follows that of the parent to whom custody was awarded. *Ex parte Alderman*, 157 N.C. 507, 513, 73 S.E. 126, 129 (1911); *White v. Bickford*, 146 Tenn. 608, 611, 244 S.W. 49, 50 (1922); R. Leflar, American Conflicts Law 25 (1968). Generally, the law of the domicile regulates the status of a person as an infant and determines minority or majority. *Succession of Goss*, 304 So.2d 704, 706–07 (La.App. 3rd Cir. 1974); *Sun Oil Co. v. Guidry*, 99 So.2d 424, 427–28 (La. App. 1st Cir. 1957); *White v. Shalit*, 136 Me. 65, 70, 1 A.2d 765, 767 (1938); *Harding v. Schapiro*, 120 Md. 541, 548, 87 A. 951, 953–54 (1913); *In re Davidson's Will*, 223 Minn. 268, 275, 26 N.W.2d 223, 227 (1947); *In re Will of Sikes*, 77 Misc.2d 63, 64, 352 N.Y.S.2d 391, 393 (Sur. 1974); 16 Am.Jur.2d *Conflict of Laws* § 12 (1964); 15A C.J.S. *Conflict of Laws* § 14(2) (1967). Consequently, the domicil-

iary state being that of the mother, since she has custody, it is the law of Maryland which governs here. We see no reason, therefore, why we should not look to the law of Maryland to determine whether, at the time the trial court had jurisdiction, the son was a minor or an adult.

The son was then 19. The father sought to terminate his support of the son due to the enactment of the Maryland law lowering majority to 18; and the mother sought an increase of the previously agreed upon support payments.

It has been held in Maryland that:

. . . the use of phrases such as "infant" child, "minor" child, "during infancy," "during minority," "until attaining majority," or "until age of majority," in an agreement or in a decree relating to child support dated prior to 1 July 1973, must have meant support until attaining age 21, in the absence of a clear expression of contrary intent, since this is the only meaning which could reasonably have been within the contemplation of the parties at the time such an agreement was executed, or in a judge's mind when such a decree was entered. However, we do not decide whether this holding governs the interpretation of an agreement or decree which refers to "child" or "children," otherwise unidentified, or to a child by name, without further elaboration from which intent can be inferred.[7] [*Monticello v. Monticello*, 271 Md. 168, 173–74, 315 A.2d 520, 523 (1974).]

---

District of Columbia Circuit, in *David v. Blumenthal*, 110 U.S.App.D.C. 272, 292 F. 2d 765 (1961), the case was reversed and remanded.

6. At the age of 18 children are usually then graduating from high school. The expense of college education is recognized to be very costly, and the cost is climbing. Without substantial assistance from a supporting parent to the amount needed might well foreclose a college education to many who are qualified

and deserving of it. The societal impact resulting from this problem is apparent. At least one state has included a provision directed at this problem in its statute lowering the majority age. *E. g.*, Ore.Rev.Stat. § 107.108 (1973).

7. The fact is that in Section 51 of the 1973 Maryland statute it is provided that the statute is to be construed prospectively. (*See* note 1, *supra*).

In a subsequent case, the Court of Special Appeals of Maryland was faced with the question which its Court of Appeals had reserved. In ruling upon it, the court said:

> We now hold that the use of words such as "child" or "children" otherwise unidentified, or a reference to a child by name, without further elaboration, in an agreement or in a decree relating to child support, dated prior to 1 July 1973, in the absence of a clear expression of contrary intent must have meant support for the parties' offspring at least until they attain the age of 21. The only meaning, which could reasonably have been within the contemplation of the parties at the time such an agreement was effectuated, was one that required support to be continued at least until the child attained 21 years of age. [*Kramer v. Kramer,* 26 Md.App. 620, 631, 339 A. 2d 328, 336 (1975).]

Under the domiciliary law, the law of Maryland for the purposes of this case, the son is (or was) a minor under these particular circumstances until he reached 21. No contrary intent at the time the support agreement was executed is pressed upon us. We conclude that it was the intent of the parties at the time of the agreement that support of Timothy would continue until the age of 21.[8] Under Maryland law, for the purposes of this particular case the support obligation remains until age 21.

*Reversed and remanded for such further proceedings as may be indicated.*[9]

PAIR, Associate Judge, Retired, concurs in the result only.

---

8. Under this view, the result would be the same in either jurisdiction (District of Columbia or Maryland). Counsel for Mrs. Alves urges upon us the proposition that there is no binding precedent on the proper age of majority to be applied in this case and proposes a holding that having invoked the law of this jurisdiction to obtain a divorce originally, and having brought all family members under the jurisdiction of our courts for related purposes, the father should have any burden in the local laws for purposes of the extent of his support obligations. This view would not affect the result here and we see no reason to explore this issue at this time.

9. The remand proceeding, if any, would relate only to the son, Timothy.