CHARLOTTE B. HARVEY, petitioner, *vs.* EDWIN A. LANE.

Oxford, 1876.—October 5, 1876.

*Divorce.*

Under R. S., c. 60, § 19, a decree by the court granting a divorce, giving the custody of the minor children to the mother, may be subsequently changed by the same court, if the circumstances require, by an addition thereto ordering the father to pay a certain amount for their support.

ON EXCEPTIONS, to a ruling, sustaining a demurrer to a petition to alter a decree in a divorce suit.

ON PETITION, representing that the petitioner, formerly the wife of the respondent, was divorced from the bonds of matrimony September 24, 1869, by this court holden at Paris, [&c.;] that on the same judgment for divorce it was further ordered and decreed that the custody of their two youngest children be given to the mother; that the respondent pay the petitioner thirty dollars each year for five successive years; that said children have always lived with her and are much attached to her, [&c.;] that she desires to have them continue with her during their minority; that the five years expired September 24, 1874; that the thirty dollars per year has been fully paid, and that the respondent has large property while hers is nearly exhausted. The petition closes with a prayer that the court so far alter its decree as to order the respondent to pay the petitioner such reasonable sum towards the support and education of the daughters during their minority as upon an examination, justice may require, under provisions of R. S., c. 60, § 19.

To this petition, the respondent demurred generally, the presiding justice sustained the demurrer, and the petitioner alleged exceptions.

*M. T. Ludden,* for the respondent, contended that the decree of thirty dollars a year contained no provision for the support of the minor children; that there was no decree concerning their support and that the decree concerning the payment of money having been fully complied with, there was no decree in existence "to alter;" that the court having decreed a specific sum in lieu of alimony the decree was final and after having been complied with, could not then, if ever, be legally altered; that the authority of the court "to alter" their decree given by R. S., c. 60, § 19, applied only to the care and custody of the children and not to the sum fixed upon in lieu of alimony.

*E. G. Harlow,* for the petitioner, submitted that the decree of thirty dollars per year for five years was part of the decree as to the custody of the children.

DANFORTH, J. This is a petition for an alteration of a decree of this court under R. S., c. 60, § 19. The respondent files a general demurrer which was sustained in the court below and exceptions filed. The principal objection to the petition is that it does not set out such a decree as can be changed and that the alteration asked is of a decree which does not exist and cannot therefore be "altered."

The petition alleges in substance that the petitioner was formerly the wife of the respondent from whom she was divorced at the term of this court holden in Oxford county in September, 1869; that in said judgment for divorce, "it was further decreed by said court that the custody of their two youngest children be given to the mother, and that the said Edwin A. Lane pay to the said Charlotte B. Lane the sum of thirty dollars each year for five years."

It is claimed that the sum here named is given as alimony and cannot now be enlarged. Whether this may be so it is not material now to inquire. The petition does not ask an increase of alimony. It only asks "that the court may so far alter its decree as to order the said Edwin A. Lane to pay your petitioner such reasonable sum towards the support and education of said girls during their minority as . . . justice may require."

It is further claimed that this request does not come within the statute, as that only authorizes an alteration in a decree already made ; while in this case there is no decree in relation to the support of the children.

We think neither of these positions well founded. It may be uncertain from that part of the decree set out in the petition whether the sum given is for alimony or for the support of the children. As it immediately follows that part giving the custody to the mother, the fair inference would seem to be that it was given for their support. But suppose it to be otherwise. Under the statute the court granting the divorce "may also decree concerning the care, custody and support of the minor children of the parties . . . and alter their decree from time to time as circumstances may require." Here the care, custody and support are connected together for the consideration of the court, and so joined that all are presumed to become elements of the decree. The children must be cared for and supported ; and where the custody is given to one of the parties, the care and support is to follow unless otherwise ordered. In this case the custody was given to the mother. If the father is now ordered to pay for the support, it can only be changing that support from the mother to the father. It is so far a change in the existing decree, and a change whether it be an addition or subtraction is equally an alteration and comes within the statute.

But we may go even further than this. If there were no decree as to the custody or support, the court may now pass one. This power is not limited to the judge who may chance to preside when the divorce is granted, nor to the term when the judgment is entered. In this respect the statute is unlimited. The authority to enter the decree in the first instance and to alter it from time to time is given in the same terms and may be exercised at any time when the circumstances may require. If the condition of the parties, at the time of the divorce, does not require any decree as to the care, custody and support of the children, the statute is broad enough to authorize such a one by the same court, at any subsequent time within their minority, when the circumstances may require it.

It is suggested that R. S., c. 24, §§ 9 and 10, afford the proper and a sufficient remedy. But those sections refer to paupers only; and there is no suggestion that these children come within that class of persons. The objections to the form of the petition are not material under a general demurrer.

> *The exceptions must be sustained and the petition stand for a hearing.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.