JESSIE M. LUQUES, PET'R *vs.* HERBERT N. LUQUES.

York.     Opinion October 10, 1928.

*F. R. & M. Chesley,* for petitioner.
*Willard & Ford,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

WILSON, C. J.    At a term of the Supreme Judicial Court held in York county in September, 1921, the respondent was granted a divorce from the petitioner for the cause of cruel and abusive treatment. By an agreement between the parties, the Justice granting the divorce ordered the respondent to transfer certain real estate and personal property to the petitioner and in addition to pay to the petitioner the sum of thirty-five dollars weekly for the support of the petitioner and a minor child so long as the petitioner remained unmarried.

No decree was made as to the custody of the minor, who it appears was a granddaughter of the petitioner and respondent, but was adopted by the grandparents upon the death of her own mother at childbirth; but by consent of the respondent and with the approval of the Court, it was evidently a part of the agreement that she was to continue to live with the petitioner, who since the divorce has been appointed her legal guardian.

The petitioner now represents in her petition addressed to a Justice of this Court under Sec. 14, Chap. 65 R. S., that the amount ordered to be paid to her in the divorce decree and her personal means are not sufficient to properly educate the minor child and fit her for a vocation in life, she having more than ordinary musical talents, and toward the expense of such education the respondent has refused to contribute, and prays that the former de-

cree be altered or amended and the respondent be ordered to pay an additional sum toward the expenses of her musical education.

At the hearing on her petition, the respondent at the outset objected to the granting of the prayer on the ground that the Court was without jurisdiction. The decree in the action for divorce being the result of an agreement between the parties, and not made under the statute, it was contended, that the Court was without power under the section above cited to modify or alter it.

Counsel now also raises a question as to the liability of the respondent to support the minor child described in the former decree and in the petition, on the ground that there was no evidence of her legal adoption, and also further contends that, even if the liability of the respondent be shown and the Court had jurisdiction, the musical education of a minor child is not a necessity and, therefore, a father cannot be compelled by an order under Sec. 14, Chap. 65 R. S., to supply means for such education.

The Court below expressly found against the respondent on all points. It does not appear from the record that the legality of the adoption was raised in the Court below. The presiding Justice, however, in his decree found as a fact that the child in question was the adoptive child of the parties to the proceedings. As there was evidence on which the finding could have been based, no error of law appears from the record by reason of such finding.

Whether the expense of a musical training can be deemed a necessity at common-law is not determinative of the power of the Court under the divorce statute of this state to order a parent to contribute to the care and support of a minor child, a divorce having been decreed. Sec. 14, Chap. 65 R. S., authorizes the Court granting a divorce to decree concerning the "care, custody, and support" of any minor children, and any Justice on petition may alter it from time to time. The kind and degree of care and support which the Court may decree is not specified in or limited by the statute. *Stetson* v. *Stetson*, 80 Me., 483, 484. It is rather a question of the construction of the terms "care" and "support."

The legislative consideration for the vesting in the courts the authority to decree concerning the care and support of a minor child was the welfare of the child and not the common-law liability

of either parent. The terms "care" and "support" as used in the statute are general in their scope and must be construed in the light of the purpose of the statute and applied according to the circumstances of each case. *Call* v. *Call*, 65 Me., 407 ; *Stetson* v. *Stetson*, supra ; 9 R. C. L., 483 ; *Husband* v. *Husband*, 67 Ind., 583. The purpose of this provision of the statute should be held to be to provide for minor children who are deprived of the care and training that naturally flow from a united home, sufficient means—within the ability of the parents—to furnish them not only with support but with proper training to ensure their finally becoming self-supporting and useful members of society.

"Care" and "support" under our divorce statute, therefore, must be held not only to include food, shelter, and clothing, but, whenever a parent is able, suitable training to fit the child for a vocation in life to which his or her natural or special talents may be especially adapted.

While upon a decree of divorce without any order for the custody or support of minor children, the father's common-law liability still remains, if, by virtue of the statute, an order for custody, or care and support is made, a statutory liability is substituted for the common-law liability. *Hall* v. *Green*, 87 Me., 122, 125. It may be, in whole, or in part, imposed upon the mother if she be given the care and custody without such order, though she has no such liability at common-law. *Gilley* v. *Gilley*, 79 Me., 292 ; *Brow* v. *Brightman*, 136 Mass., 187. Under conceivable circumstances, a mother, under the statute, might even be ordered to contribute to their support when the care and custody are given to the father, if he were without means.

It is true that the extent and nature of the training and education of a minor, so long as the marital ties exist, is within the control of the father, but when upon sufficient grounds the Court has found for any reason that he has forfeited or surrendered that right, or with his acquiescence, a minor child, upon a divorce being granted, is permitted to remain in the custody of the mother, it may, under the divorce statute, determine what is proper under all the circumstances.

Upon a decree of divorce being granted, therefore, the amount

which a father may be ordered to contribute to the care and support of minor children, where with his consent the child is allowed to remain with the mother, even though no decree for custody is made, is determined, not by his common-law liability, but in the sound discretion of the Court, taking into consideration his financial ability, or his ability to earn, and the standard of living to which they have been accustomed. *Call* v. *Call,* supra; *Stetson* v. *Stetson,* supra.

The presiding Justice in this instance, however, gave careful consideration to the father's liability at common-law and found, under the circumstances of this case, that the training of the voice of this young girl was an expense to which the respondent might be required to contribute even if limited by common-law obligations, which this Court in *Kilgore* v. *Rich,* 83 Me., 305, held to include the "good teaching or instruction" of a minor "whereby he may profit himself afterward," according to the definition of necessaries laid down by Lord Coke three centuries ago, which certainly should not be restricted under modern conditions. Also see *Esteb* v. *Esteb,* 138 Wash., 174.

The purpose for which the sum ordered to be paid in the instant case is to be used, clearly, we think, comes within the intent of the divorce statute authorizing the Court to make provision upon a decree of divorce for the "care" and "support" of minor children, and there was no abuse of judicial discretion in the amount awarded. The Court in *Harvey* v. *Lane,* 66 Me., 536, sustained a decree of a reasonable sum for the "support and education" of minors.

Upon the first question raised and upon which counsel lays the greatest stress, no error is shown. It is true that, under the divorce statute of this state, a husband can not be compelled without his consent to provide alimony or support for a wife against whom he has obtained a divorce for her fault, *Henderson* v. *Henderson,* 64 Me., 419 ; *Stratton* v. *Stratton,* 77 Me., 376 ; and a decree for her future support based on his consent can not be modified against his will; but a decree for the support of a minor child, or altering such part of a prior decree as provides for such support does not require the consent of the father ; nor can the parties by any agreement oust the Court of jurisdiction to alter or amend its decrees in

this respect, or to make future provision for the care and support of minor children, if none be contained in the decree of divorce. *Connett* v. *Connett*, 81 Neb., 777; *Kershner* v. *Kershner*, 202 Mo. App., 239; *State ex rel* v. *Ellison*, 271 Mo., 416. Minor children are always the especial concern of the Court, and the legislature in the divorce statute has expressly vested in the Courts the power to alter or amend its decrees, or to make additional provisions from time to time as the needs of the minor children may require. *Harvey* v. *Lane,* supra; *Hall* v. *Green,* supra.

To this extent we think the Court below had the power to modify or amend the original decree and make further provision for the care and support of the minor child beyond the provisions made in the original decree; and it could amend or add to that decree by an order for additional contribution for her musical training, it having been found by the Court below to be warranted by her natural talent and as fitting her for a vocation and to comport with her station in life and the standard of living established by the father when he maintained a home for his wife and child, and with his present financial ability.

*Exceptions overruled.*