ANNA E. GROSS ET AL *vs.* I. J. MARTIN.

Androscoggin.      Opinion January 16, 1930.

*Tascus Atwood,* for plaintiffs.
*Harris M. Isaacson,* for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DUNN, J.   The bill of exceptions recites this action as of assumpsit to recover for groceries ordered by the defendant. On the authority of the bill, these were the trial court issues: (1) Whether credit had been given directly to the defendant? (2) Whether defendant orally promised to pay the debt of a lunch concern? The jury found for the defendant. Exception by plaintiffs goes to the exclusion of evidence.

This question had been asked defendant on cross-examination:

"Mr. Martin, weren't the goods ordered before you had completed the organization of the corporation?"

He answered:

"No, I don't think so. I think it is about the same time. About — probably might be the same day or the day after, that I ordered the goods."

To show that, when the goods were ordered, the corporation had not been in existence, its organization not having been completed until some days later, plaintiffs' counsel proffered the registry record of the certificate of corporate organization in evidence. So, in substance, run recitals in the bill of exceptions.

Objection was sustained; the registry record of the certificate was excluded. This presents reversible error, is the point of the exception.

The exception can not be sustained, the reason being that the plaintiffs have not shown themselves prejudiced by the ruling which excluded the evidence.

A party excepting to the exclusion of evidence always has the burden of showing affirmatively that the exclusion was prejudicial to him. What the record of the certificate would have shown does not appear. The record was offered in evidence. It should have been printed as a part of the bill of exceptions. *Posell* v. *Herscovitz*, 237 Mass., 513, 516. Not being printed, it is out of the question to determine whether any prejudice was done the plaintiffs by the exclusion of the evidence. True, there is the statement in the bill of exceptions that the record of the certificate was offered to prove that the corporation was not in existence, but there is nothing before this court to show that the record of the certificate would have made such proof. It might, on inspection, show very differently than the recital of the bill implies. About that, on this record, no one can tell, "and no one has a right to guess." *State* v. *Dow*, 122 Me., 448. See, too, *State* v. *Wombolt*, 126 Me., 351. The excepting party "is bound to see that the bill of exceptions includes all that is necessary to enable us to decide whether the rulings, of which he complains, were or were not erroneous." *Barnes* v. *Loomis*, 199 Mass., 578, 581. The rule is one of practice. Enc. Pl. & Pr., 427 et seq.

*Exception overruled.*