STATE OF MAINE *vs*. RICHARD RIST.

Penobscot.        Opinion April 4, 1931.

*A. G. Averrill,*

*James D. Maxwell,* County Attorney, for State.

*A. L. Thayer,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

FARRINGTON, J.   On exceptions. The respondent on complaint issuing from the Bangor Municipal Court on July 7, 1930, was charged with illegal possession of intoxicating liquors and with intent to aid and assist in their sale. Having been there tried and found guilty, he appealed to the Superior Court for Penobscot County where, at the September Term, 1930, he was again found guilty. The exceptions on which the case comes to this court are three in number and will be considered in the order in which they appear in the bill:

1. During the course of cross examination of a deputy sheriff, a State witness, the following question was asked by respondent's attorney: "Are there houses on the other side of Patrick Street as you go up?" (Patrick Street was the street on which the respondent lived and on which the liquor was found) and the answer was, "Yes." At this point the following colloquy ensued:

"The Court: What is the object of this?"

"Mr. Thayer: The object is, Your Honor, to show there are many people living in that section who have access to this particular shed which is opposite a vacant tenement."

"The Court: Because there is a number of houses there is no evidence of access. I would not waste the time of going into the fact that this street has a lot of houses on it; nothing to do with this case."

"Mr. Thayer: I want to also show, Your Honor, that it not only has houses, but it has houses which have been searched."

"The Court: You will not be allowed to put that testimony in."

An exception was seasonably noted and allowed.

The respondent was not prevented from showing that other

people had excess to the shed. He did not attempt to show that fact, although the witness had already stated that there were houses on the other side of the street. To have permitted the respondent to show that houses on that side of the street had been searched could have had no bearing on the question of access or as to whether or not he was guilty of the crime with which he was charged and such evidence was properly excluded.

2. During the re-cross examination of another State's witness, the following question was asked by the respondent's attorney: "Down in the lower Court you testified previously you could not remember where that took place?", and the answer was, "No, you asked me where the arrest was made. I don't know as I know where it was made." Then the question followed, "I asked you in what court you were convicted in?", and the answer was, "I didn't remember at that time." The Court then said, "I don't think that is material.", and then the following:

"Mr. Thayer: It is material only, Your Honor, as to the credibility of this witness."

"The Court: You can only ask him if he has been convicted of crime, and he says he has."

"Mr. Thayer: I am now asking him if in his previous testimony, under oath, he hasn't denied knowing where he was convicted."

To the exclusion of this question exceptions were noted and allowed.

The witness had stated that in the lower Court he did not remember in what court he was convicted. This answer might well have been repeated to the question last asked. We can see no prejudice to respondent which could possibly have resulted from the exclusion of a question which, in practically the same form, had already been answered.

3. On cross examination of another witness for the State in an attempt on the part of the respondent's attorney to show that the officers, when they came to search the premises, believed that Mrs. Rist, the mother of respondent, was the owner of the premises and had possession of the key to the building in which the liquor was found and that the liquor belonged to her, the following question was asked: "Was there some remark made about taking Mrs. Rist

down to the Court, down to the jail, and having her searched in order to get a key?" The Court inquired, "What is the object of that?", and respondent's attorney replied, "To show the day these men made this search they were sure that Mrs. Rist had a key to this place." and, in reply to the Court's query, "Suppose they were?", then said, "Well, it makes a difference as to what their intentions were that day and who they thought owned this intoxicating liquor."

The question was excluded, and we think rightfully, as immaterial. Exceptions were noted and allowed, the respondent's attorney insisting that it was material "to show that at the date on which this search was made, these officers went to search the premises belonging to an entirely different person." In any event, we are unable to see how the respondent could have been prejudiced by the exclusion. The fact that Mrs. Rist at one time might have been suspected of illegal possession, even of the same liquors, could have no tendency to change the evidential facts which must have convinced the jury that the respondent was guilty. The exception on this point is without merit.

As to all three exceptions, the respondent as the excepting party had the burden of showing that he was prejudiced by the exclusion. It is not sufficient simply to show that a technically admissible question was excluded. An excepting party must go farther and show affirmatively that he is prejudiced by such exclusion. It must appear in his bill of exceptions or in the record that the answer expected would have been in the respondent's favor, otherwise no harm is done. It does not so appear in the instant case. The answers to the questions in the case at bar might have been in the negative and no advantage would have accrued to the respondent. As to what the answer might have been or would have been there is no right to conjecture. It is not a sufficient ground for reversal to raise the claim on mere exclusion without showing the prejudice. *State* v. *Dow*, 122 Me., page 448 ; *State* v. *Wombolt*, 126 Me., page 353.

The entry will be,

*Exceptions overruled.*