SUSAN STURGIS BARRY,[1] PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94141. Promulgated June 4, 1940.

*Charles S. Jacobs, Esq.*, for the petitioner.
*Bernard D. Daniels, Esq.*, for the respondent.

OPINION.

DISNEY: This proceeding involves income taxes for the calendar years 1934 and 1935, the respective amounts being $503.59 and $388. The question presented is as to taxability of a wife, divorced under the law of Maine, for her own fault, upon income of a trust set up by her husband while the divorce action was pending. The facts have been stipulated and are so found.

The stipulation shows that the divorce was granted for the fault of the petitioner herein. No provision was made by the decree for alimony or support of the wife. If it is clear that the local law and the trust agreement give the divorced husband a full discharge and leave no continuing obligation of support, however contingent, upon the husband, the husband is not taxable upon the income of the trust set up by him. *Helvering* v. *Fitch*, 309 U. S. 149; *Helvering* v.

---

[1] Originally entered as a memorandum opinion on April 27, 1940.

1

*Leonard*, 310 U. S. 80; *Helvering* v. *Fuller*, 310 U. S. 69. That such is the situation herein is clear from the evidence.

In *Luques* v. *Luques*, 127 Maine, 356; 143 Atl. 263, the court said:

\* \* \* It is true that, under the divorce statute of this state, a husband cannot be compelled without his consent to provide alimony or support for a wife against whom he has obtained a divorce for her fault. \* \* \*

To the same effect is *Stratton* v. *Stratton*, 77 Maine, 373.

It thus appears that the court could not have modified the divorce decree between petitioner and her husband, except with his consent. But modification by consent of parties is obviously not the modification which the courts have in mind in holding that a final decree constitutes a termination of a husband's duty of support of a wife. No showing is made herein that the husband has consented to modification of the decree. Petitioner cites cases such as *Clayton G. Dixon*, 39 B. T. A. 527, for the proposition that a trust set up by the husband during marriage causes liability of the husband for tax after dissolution of the marriage. The Supreme Court, however, in the cases above cited, has made continuance of duty of support under state law the test. Petitioner's position in this regard is, in effect, the view set forth in the dissenting opinion in *Helvering* v. *Fuller*, *supra*. The husband's duty having ended with finality with divorce for the wife's fault under the law of Maine, the husband was no longer taxable upon the trust income.

In *Metcalf* v. *Commissioner*, 108 Fed. (2d) 957, involving a divorce under the law of Maine, the court reversed in order for a finding to be made as to whether either party had remarried, a fact found by the court to be determinative of the case under the facts in that case. That fact, however, is not here determinative, since as above seen the divorce herein was for the fault of the wife, and was therefore a final discharge of the husband's duty of support. The divorce in the *Metcalf* case was not for the wife's fault.

No question is suggested herein as to such short term of trust or control of the trust corpus as would cause application of *Helvering* v. *Clifford*, 309 U. S. 331, and obviously none could be raised, for the trust agreement gave the husband no control over the trust corpus or income, and the term is the life of the petitioner.

We hold that the Commissioner did not err in his determination of deficiency.

*Decision will be entered for the respondent.*