MARIE PAULE D'AOUST, APPLT.

FROM DECREE OF JUDGE OF PROBATE

IN PROCEEDINGS OF MICHELE A. D'AOUST

York.    Opinion, July 27, 1951.

*Gendron, Penderson & McDougal,* for appellant.

*Lausier & Donahue,* for appellee.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   On exceptions.   The care and custody of a minor child of parents living apart was given to the father by decree of the Judge of Probate upon the petition of the father under R. S. Chap. 153, Sec. 19, as amended. On appeal to the Supreme Court of Probate the decree was reversed and custody awarded to the mother.

The governing principles are familiar and well estab-

lished. "The paramount consideration for the court . . . . is the present and future welfare and well-being of the child." *Grover* v. *Grover,* 143 Me. 34. "This Court can not review the findings of a single justice on questions of fact. He is the exclusive judge of the credibility of witnesses and the weight of the evidence; and only when he finds facts without evidence or contrary to the only conclusion which may be drawn from the evidence is there any error of law." *Bond* v. *Bond,* 127 Me. 117 at 129. See also *Merchant* v. *Bussell,* 139 Me. 118; *Stanley* v. *Penley,* 142 Me. 78; *Mitchell* v. *Mitchell,* 136 Me. 406; *Sweet* v. *Sweet,* 119 Me. 81.

It will serve no useful purpose to set forth the evidence in detail. A full and complete hearing was held in January 1951, and findings of fact were filed by the presiding justice.

The child, Michele, will be eight years of age in September next. She has been living with her father at the home of his mother and step-father in Biddeford. The father has been unemployed since leaving the service and has no income. The care and support of the child have fallen upon the grandmother and her husband. There is no suggestion that the child has not received proper care.

The question was whether it would be better for the child to remain in Biddeford or be in the custody of her mother, who is employed and lives in Boston. Obviously in reaching a decision the character of the mother and her ability to provide for the child were of the highest importance. Was she a proper and suitable person to be charged with the great responsibility sought by her?

By the first three exceptions the father urges there was no credible evidence to support findings that (1) condonation of his wife followed an affair some years in the past; (2) the mother "has and is conducting herself properly;" and (3) the "best interests and welfare of the child will be promoted" by the decree awarding custody to the mother.

With respect to the first exception, the presiding justice found that the husband with full knowledge of the facts had forgiven his wife. Whether there was condonation in the strict sense was not material. It was for the presiding justice, not for the father, to determine whether the mother was a suitable person to care for·the child, and to give such weight to her past actions as he, and not the father, deemed proper. On this ground alone, the exception is without merit.

The three exceptions in terms raise only the question of credibility which is not, as we have indicated, an issue before us. Surely the evidence is not inherently improbable, which, if so, would present an issue of whether there was any evidence. The record discloses ample evidence to warrant the decree.

There was no error in the provision of the decree reading, "with the right on the part of the father to visit said child in Boston when convenient for the mother and the child."

In determining the best interests of a child, the court often grants a right of visitation. Necessarily the details of such right will vary with the circumstances. The right forms an integral part of the plan decreed for the care and custody of the child. It must be honored faithfully by both mother and father. The State, in placing its protecting cloak about this child, expects and will demand that the mother and father use common sense and reason in their every relationship in so far as the child is concerned. A decree of custody is never final.

The entry will be

*Exceptions overruled.*