LEOTA W. (MICHAEL) LOVELETT

*vs.*

SAMUEL MICHAEL

Androscoggin.   Opinion, July 11, 1953.

*Berman & Berman,*
*Frank W. Linnell,* for plaintiff.
*Benjamin L. Arena,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J. TIRRELL, J. did not sit.

THAXTER, J.  This is a petition brought under R. S., 1944, Chap. 153, Sec. 69, to obtain modification of a divorce decree as subsequently amended granted to the respondent in September, 1945, by the Superior Court for Androscoggin County insofar as it concerns the custody, control and support of the daughter of the parties, Sandra Michael, who at the time of the divorce was two years of age.

The parties were married in August, 1937, and on a libel of the respondent were divorced in May, 1945, on the ground of cruel and abusive treatment.  They have two children, Bruce Michael an adopted child who is now eighteen

years old, and Sandra Michael now nine years old. In the original decree of divorce nothing was said about the custody of the children, but by agreement they apparently lived with the mother for about two years. According to statements in the bill of exceptions herein, which we must take as correct, the mother, the petitioner herein who had remarried, in October, 1947, filed a petition to amend the original decree of divorce so that she would be awarded custody of said children. On November 17, 1947, the following decree was filed:

> "That the said libelant be awarded the care and custody of the minor child, Sandra Michael, with the right of reasonable visitation to the libelee; it is further ORDERED and DECREED that the care and custody of the said minor child, Bruce Michael, be awarded to the libelee with the right of reasonable visitation to the libelant; and it is further ORDERED that the said libelant contribute the sum of sixty ($60.00) dollars per month to the said libelee for the support and maintenance of said minor child Bruce Michael. Execution to issue upon default of any payment. Original decree remains unaltered and unchanged in all other respects."

In July, 1948, the mother brought another petition seeking partial custody and control of the girl, Sandra. On this petition by agreement of counsel a further amended decree was made making provision for the mother to visit with the daughter. In January, 1950, the mother brought a further petition but a decree does not seem to have been entered until January, 1951, when further provision seems to have been made with respect to visitation. In July of 1951 the mother brought a further petition for amendment of the original decree as amended, and a decree was entered on such petition in July, 1952, by which the mother was awarded custody of Sandra with rights of visitation by the father and limited control by the father. It is to this decree that exceptions taken by the father are now before us.

Surely this recital of events in and of itself tells us that this little girl has learned through hard experience that she is indeed a ward of the court.

The presiding justice who saw the parties and was much more acquainted than we are with the facts concerning the custody of the child and what is for her welfare can only be overruled if he abuses his discretion. He surely did not do that. The court at all times approached this confusing and intricate problem with great care and through repeated hearings was doing what it thought was best for the child. The record shows us, not only that the court did not act without giving due consideration for the child's welfare but that on the other hand it did exactly right. That is the proper test, — that it acted for the welfare of the child. *Harvey* v. *Lane*, 66 Me. 536; *Stetson* v. *Stetson*, 80 Me. 483, 485; *Luques* v. *Luques*, 127 Me. 356, 361; *Merchant* v. *Bussell*, 139 Me. 118. The consideration which it gave to this case and the effort which it made to soften the asperities for this child of all the legal actions to which she had been subjected is nowhere better shown than in the following recital accompanying the decree of July 23, 1952:

> "The matter of the petition for change of custody of Sandra Michael having come on to be heard before me this day, thereupon after hearing, I find that the petitioner has demonstrated the financial ability to properly care for and educate her child, Sandra Michael; that she has a suitable home and the proper social environment in which to rear said child; that she bears an intense maternal love for her child which is best demonstrated by her repeated attempts to regain the full custody of the child; that she has demonstrated her ability to guide and rear her children by the manner in which she has conducted the bringing up of her son, Bruce Michael, who is without question, a boy of fine character and who, because of sacrifices made by his mother, the petitioner, is obtaining a college education. No evidence was produced by the respondent, but there is sufficient evidence to

satisfy the court that the respondent has not shown an ability or willingness to make sacrifices for the education and improvement of his child by his repeated failure to comply with the decree of this Court for the support of his son, Bruce Michael. The Court believes that in the formative years when this female child is developing into womanhood, that the guidance and love of a good mother has no substitute, and that it is for the best interests of the child that she be placed in the custody of her mother, the petitioner."

*Exceptions overruled.*