## ALCID F. DUMAIS
### *vs.*
## NATALIE ARLENE DUMAIS

Androscoggin.    Opinion, April 3, 1956.

*Edward J. Beauchamp,* for plaintiff.

*Frank W. Linnell,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TAPLEY, BELIVEAU, JJ. MURRAY, A. R. J. WEBBER AND CLARKE, JJ., did not sit.

WILLIAMSON, J.   On appeal.   This is a bill in equity by a husband to enjoin his wife from proceeding further with a pending divorce action and to obtain custody of their minor children.   The controversy centers upon the effect of antenuptial promises relating to divorce and the religious

education and custody of the children. A claim in the original bill that the wife held property of her husband exceeding $100 in value, making the bill to this extent at least maintainable in equity under R. S., c. 166, § 40, was completely abandoned by amendment. The case was heard on amended bill and demurrer and reaches us on appeal from a decree dismissing the bill.

We pass objections of form raised by the demurrer to the issues arising from the antenuptial promises. For purposes of testing the demurrer the question is whether the facts here briefly stated justify relief in equity. Whitehouse Equity Jurisdiction §§ 324, 326, 331; *Katz v. New England Fuel Co. et al.*, 135 Me. 452, 199 A. 274.

The plaintiff, a Catholic, and the defendant, a non-Catholic, both over twenty-one years of age, sought and obtained dispensation for their marriage from the Bishop of Cleveland. The application signed by the defendant reads in part:

"I, *not a member of the Catholic Church*, desiring to marry Joseph Alcide DuMais, a Catholic, promise on my conscience:

1. that I will ever adhere to the divine law that prohibits all divorce;

\* \* \* \* \* \* \* \* \*

3. that all children, boys and girls, that may be born of this union, shall be baptised and educated solely in the Catholic religion by me even in the event of death of my Catholic consort;

4. that all children in the event of dispute, shall be given to such guardians that will assure the faithful execution of my covenant and promise;"

\* \* \* \* \* \* \* \* \*

The plaintiff made a like "promise on my conscience," with suitable changes arising from the fact that he was a Catholic.

There are four children from 11 to 3 years in age. The two elder were baptized in the Catholic Church. The defendant has refused to have the two younger so baptized, although often requested by the plaintiff.

In July 1955 the defendant brought a libel for divorce, now pending in the Androscoggin Superior Court, in which she prays for the care and custody of the children. The bill in equity was commenced on November 7 and dismissed on November 23rd last, during which period the record indicates there was in effect a restraining order against proceeding with the libel. We have no official knowledge of what, if any, action has since taken place in the divorce case.

The first and decisive question is whether equity has jurisdiction of the controversy. We answer in the negative.

With respect to the libel for divorce, the plaintiff says in substance that the promises to "ever adhere to the divine law that prohibits all divorce" formed a binding contract between the parties; that only by preventing further proceedings on the divorce libel may the plaintiff be saved from irreparable loss; and that there is no plain adequate and complete remedy at law. In short, the plaintiff's argument is that by such promises a husband or a wife may forever close the door of the divorce court to the other.

Divorce by statute is placed within the jurisdiction of the Superior Court. R. S., c. 166, § 55. "The law of divorce in this jurisdiction is wholly statutory." *Wilson, Petr.* v. *Wilson*, 140 Me. 250, 251, 36 A. (2nd) 774. Given cause, the libelant is entitled of right to a divorce. The decision does not lie within the discretion of the court. *Kennon* v. *Kennon*, 150 Me. 410, 111 A. (2nd) 695. The Equity Court has no jurisdiction to grant or deny divorce. The plaintiff husband does not indeed contend otherwise. His position is that the antenuptial promises are not available directly in de-

fense of the divorce libel, and so he seeks indirectly through equity to reach for practical purposes a like result. There is, however, no necessity for the intervention of equity in the pending legal proceedings. The case differs widely from *Usen* v. *Usen,* 136 Me. 480, 13 A. (2nd) 738 in which the court restrained a Maine husband from proceeding further in Florida against his Maine wife with a divorce based upon false allegations of residence.

No authority has been called to our attention in which the point in issue has been raised. The subject matter—divorce—is entirely governed by the statutes, to which alone the courts may look for jurisdiction. Equity on this ground has no jurisdiction of the case insofar as divorce is concerned.

With respect to the religious education and custody of the children, there is no sound reason for equity to act. Provision for the care and custody of children is made by statute in most, if not all, situations. In particular, care and custody "pending libel" and in divorce is placed in the Superior Court. R. S., c. 166, § 55 et seq. In divorce action now pending care and custody may be determined and for all we know officially may have been determined upon the termination of the restraining order on the dismissal of the bill. Jurisdiction when husband and wife are living apart is in the Superior Court or Probate Court, and when legal separation is the issue, is in the Probate Court. R. S., c. 166, §§ 19, 44. There are other statutory provisions for adoption, care of neglected children, and guardianship for example. Habeas corpus also plays a part. *Merchant* v. *Bussell,* 139 Me. 118, 27 A. (2nd) 816.

The rule is plainly and firmly established that the welfare of the child is the controlling fact in determining care and custody. "The paramount consideration for the court . . . is the present and future welfare and well-being of the child." *Grover, Petr.* v. *Grover,* 143 Me. 34, 54 A. (2nd) 637

(custody in divorce); *D'Aoust, Applt.,* 146 Me. 443, 82 A. (2nd) 409 (custody where parents living apart). "In all cases involving custody of minors, whether the issue is presented at the instance of the state itself or by individuals calling on the sovereign power to settle a dispute between them, the welfare of the child is the controlling consideration." *Merchant* v. *Bussell, supra* (habeas corpus).

The complete provision for care and custody cases in other courts is a sufficient denial of jurisdiction in equity. Certainly, in the absence of compelling reasons why other courts are unable to give adequate protection to a child, there is no necessity for consideration of jurisdiction in equity. No such reasons here appear. See *Hoyt* v. *Hubbard,* 141 Me. 1, 38 A. (2nd) 135.

In summary, the demurrer was properly sustained. The plaintiff failed to show jurisdiction in equity over the controversy. Full and complete jurisdiction touching the matters at issue rests elsewhere by statute.

The entry will be

> *Decree dismissing bill affirmed.*
> *Appeal dismissed with costs.*