**Frank N. UTZ**

v.

**Lucille A. UTZ.**

Supreme Judicial Court of Maine.

Feb. 3, 1971.

Carl W. Stinson, Bath, for plaintiff.

Daniel R. Donovan, Bath, for defendant.

Before DUFRESNE, C. J., and WEB-BER, WEATHERBEE, POMEROY, and WERNICK, JJ.

WEATHERBEE, Justice.

Plaintiff and Defendant have been husband and wife for some 44 years and had spent their married life together in Connecticut until the Plaintiff moved to Maine in 1962. In 1968 he brought a complaint against her which was heard in the District Court in Maine and divorce was denied the Plaintiff on May 31, 1968.

On June 3, 1968 the Plaintiff sent a letter to his wife in which he very formally proposed that she come to Maine and live with him, pointing out that he was financially unable to maintain two homes. The letter was sent to her in Connecticut by certified mail, to be delivered to addressee only. It was delivered to her on June 6, 1968. On June 7, 1968 she commenced a divorce action against him in Connecticut, by attaching his possible interest in some real estate there. On June 11, 1968 he commenced this action for divorce against her in Sagadahoc County, Maine.

The Presiding Justice, after hearing the testimony of the Plaintiff, denied him the divorce. Plaintiff's appeal presents two issues:

1. Whether it was error to exclude Plaintiff's testimony relating to acts occurring prior to the previous complaint for divorce.

2. Whether the Court was clearly erroneous in finding upon the facts presented that there was no cause of action on the grounds of cruel and abusive treatment.

■ The first relates to a statement, made by Plaintiff's counsel after he had completed his examination of the Plaintiff, that he proposed to present evidence relating to "a chain of circumstances" predating the date of hearing and denial of the prior action for divorce. The Presiding Justice ruled that evidence of conduct of the Defendant occurring before the prior action would not be admissible to support the Plaintiff's present charges of cruel and abusive treatment.

The Justice then stated that, accepting everything Plaintiff had said as true, Plaintiff had at that point established no cause for divorce and said that if Plaintiff's witnesses could only corroborate Plaintiff's testimony, Plaintiff would not be entitled to a divorce. The Justice suggested that Plaintiff's counsel should state for the record, as an offer of proof, the additional facts to which the remaining witnesses would testify.

Plaintiff's counsel proceeded to make an offer of proof. The offer, however, made no reference to matters occurring before the prior action. The point was not saved for consideration on appeal.

■ While the requirement of taking formal exceptions to a Court's refusal to admit evidence was eliminated by the adoption of M.R.C.P. Rule 46 it is still necessary that counsel preserve on the record a statement of the nature of the testimony which was excluded. The two-fold purpose is to enable the trial Justice to rule advisedly and to present a basis for our determination whether the Justice's ruling was erroneous and, if so, whether it was prejudicial to the Plaintiff.

M.R.C.P. Rule 43(c) makes specific provision for the taking of an offer of proof upon the exclusion of offered evidence in both jury and nonjury cases. The rule declares the pre-rules practice. State v. Rist, 130 Me. 163, 154 A. 178 (1931); Gross v. Martin, 128 Me. 445, 148 A. 680 (1930); Field, McKusick and Wroth, Maine Civil Practice, § 43.3.

The record presents no proof of error as to this issue.

*Second.*

We start with a recent statement of the measure of proof in actions for divorce.

"A Plaintiff in a Divorce Action, relying upon the grounds of Cruel and Abusive Treatment, must by a preponderance of the evidence, prove two elements: (1) The cruel and abusive conduct of Plaintiff's spouse, and (2) *that such conduct caused the Plaintiff physical or mental injury* or that a continuation of the marriage relationship would jeopardize physical or mental health. Failure to prove either or both is fatal. Gruber v. Gruber, 161 Me. 289, 211 A.2d 583 (1965)." (Emphasis added.)

■ If legal cause has been proved, a Plaintiff is entitled to a divorce. The decision does not lie in the discretion of court. Dumais v. Dumais, 152 Me. 24, 122 A.2d 322 (1956).

At the end of the Plaintiff's testimony the Justice expressed the opinion that assuming, as he would, the truth of everything said by the Plaintiff, cause for divorce had not been established. He invited Plaintiff's counsel to make an offer of proof as to what the three additional witnesses would testify and the attorney did so. The following statement fairly comprises the substance of the facts which were thus offered to the Justice and which the Justice stated he would accept as true.

Three days after being denied a divorce in the District Court Plaintiff wrote his wife the formal letter which is an exhibit in the case. In it he asked her to come to Maine to live with him and to "try to get along and live the remaining years of our lives happily". While there was a remark-

able difference between the language of the letter and the Plaintiff's manner of speech from which it might have been inferred by her that the letter was written by another person with a motive other than a sincere attempt at reconciliation, the Justice was accepting Plaintiff's testimony as true. Plaintiff told the Justice he wrote it "Because somebody got to be staying with me, and she is the wife, she is the one supposed to take care of me, and I have to take care of her."

She received the letter three days after its date. At about this time—either just before or just after she received the letter —she telephoned Plaintiff from Connecticut and told him she would come to Maine and live with him. She said, "We'll make it up and we'll stay the way it should be."

She did not come to Maine. On June 7, the day after she received the letter, she commenced a Connecticut divorce action, later (in July) making service by publication in the local Maine newspaper without having contacted the local deputy sheriff who could have made a personal service. Plaintiff learned of her divorce action on June 8 and as a result of it and of her broken promise and her failure to come to Maine to live with him as she had agreed to do he became severely upset, nervous and despondent, bled from his nose and experienced difficulty with his chest. This episode required him to have the assistance of a physician who was still treating Plaintiff at the time of hearing. Four days later he commenced the present action.

An additional circumstancce must be considered. Plaintiff's counsel, while making his offer of proof, informed the Court that he proposed to call the Defendant herself as a witness for Plaintiff. (16 M.R. S.A. § 154, M.R.C.P. Rule 43(b)); Field, McKusick and Wroth, Maine Civil Practice, § 43.2. He stated frankly that he did not know what her testimony would be but that he proposed to attempt to get from her an admission that she did, in the telephone conversation, promise Plaintiff that

she would come to Maine but that at the time she made this promise "she either had commenced an action of divorce in Connecticut or intended to". The Justice replied that even if she did give such testimony there would be a complete absence of any cause for divorce.

The question propounded in this unusual posture is whether the Justice was in error in concluding that the totality of this evidence—presented, expected and merely hoped for—*and all true*—would not entitle Plaintiff to a divorce.

We have held that the reason for the familiar rule that the findings of the Presiding Justice will be sustained unless clearly erroneous (M.R.C.P., Rule 52(a) ) disappears when the court below made its decision—as we do—from the printed record. Matthews v. R. T. Allen & Sons, Inc., Me., 266 A.2d 240 (1970). In In re Longworth, Me., 222 A.2d 561 (1966) we applied the clearly erroneous rule to the resolution of the issue of undue influence in a probate appeal where examination of the witnesses' testimony revealed no dispute of basic facts but where serious and disputed inferences remained to be drawn from those facts. (The commentary in Field, McKusick and Wroth, Maine Civil Practice, supra, § 52.8 contains an excellent analysis of the conflicting points of view as to application of the clearly erroneous rule to findings drawn from undisputed facts.)

Here, the credibility of witnesses was not in issue and we would construe the Justice's position to be that he contemplated no inferences unfavorable to the Plaintiff. Our problem then is to determine whether, as a matter of law, the testimony given and proposed would have entitled Plaintiff to a divorce.

The issue would doubtless have been presented more clearly if the testimony of the other witnesses had been heard. The total testimony as to cruel and abusive treatment with all reasonable inferences favorable to the Plaintiff, would have been

that within a week after she had successfully contested his divorce action, the Defendant promised her husband that she would come to Maine and live with him and they would "make it up" but that at the time she made this promise she had already either started a Connecticut divorce action or intended to do so and did so that very day or the next day. The inference that her promise was a deliberate deception would have been justified.

The result of this deception was to raise the estranged husband's expectation of reconciliation and then to disappoint him abruptly. Her conduct could have been found to have caused the Plaintiff severe physical and mental injury. Our Court has said that words and deportment may work injury as deplorable as violence to the person. Holyoke v. Holyoke, 78 Me. 404, 6 A. 827 (1886).

While a Justice cannot by the exercise of discretion deny a divorce when legal cause has been proven, a certain range of judgment is necessarily involved in determining whether particular facts constitute cruel and abusive treatment within the meaning of the law. Not all acts of unkindness would entitle the unhappy party to a decree of divorce and the Presiding Justice must evaluate the quality of the offensive conduct under the surrounding circumstances. 24 Am.Jur.2d, Divorce, § 32; 27A C.J.S., Divorce, § 25.

Here the Justice evaluated the evidence given and offered concerning Defendant's conduct toward her husband. He concluded that, accepting all of it as true, it would not have entitled Plaintiff to a divorce. Our task is to determine whether this evidence entitled Plaintiff to a divorce *as a matter of law*. We hold that it did not.

Appeal denied.

Remanded to Superior Court for an appropriate order on counsel fees.