Cecile Bertha **BARIL**

v.

Wilfred Antonio **BARIL.**

Supreme Judicial Court of Maine.

March 19, 1976.

Fales & Fales by John L. Hamilton, Roscoe H. Fales, Lewiston, for plaintiff.

Berman, Berman & Simmons, P. A., by Jack H. Simmons, Fredda F. Wolf, Lewiston, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

DUFRESNE, Chief Justice.

The District Court for Southern Androscoggin (Lewiston) on June 20, 1972 granted a divorce from the bonds of matrimony to the plaintiff-appellee, Cecile Bertha Baril and, as part of the divorce decree, ordered, among other things, that the care and custody of Irene C. Baril, minor child of the parties, be given to the plaintiff-appellee-mother and that the defendant-appellant and father of the child pay to the plaintiff the sum of twenty-five ($25.00) dollars per week toward the support of the said minor child.[1]

From April 25, 1973 when his daughter, Irene, reached her eighteenth birthday, the defendant discontinued further support payments, believing that his daughter's attainment of that age automatically discharged him from any further obligation under the reference support order.

On June 26, 1973 the plaintiff cited the defendant for contempt of the Court's support order and prayed for execution in the amount of the arrearage, plus counsel fees for prosecution of the motion. Finding that the daughter was disabled in several particulars, the Judge of the District Court ruled that the defendant's obligation to comply with the support order incorporated in the divorce decree remained in full force and effect from and after April 25, 1973, when the daughter became eighteen years of age. The defendant was ordered to pay the accumulated arrearage under date of September 18, 1973.

On the defendant's appeal to the Superior Court, the District Court judgment was affirmed. The defendant has seasonably appealed to this Court and we sustain his appeal.

The sole question before us is, whether an order of support for a minor child issued as part of a decree in a divorce proceeding remains legally effective after that child reaches the age of eighteen years.

1. 19 M.R.S.A. § 752 provides in part:
"The court making an order of nullity or of divorce may make an order concerning the care, custody and support of the *minor children* of the parties . . . ." (Emphasis supplied)

## I. Jurisdiction

■ We recognize the great solicitude our courts have displayed under the divorce statute toward the *infant* children of divorced parents. Within the period of their minority, the statute preserves the jurisdiction of the court beyond the ability of the parties to exclude it, so that, as stated in *White v. Shalit,* 1938, 136 Me. 65 at 69, 1 A.2d 765, there can be no final judgment as to infant children in a divorce case, for they are wards of the court, and custody and support orders will primarily be directed to the best interests of the children incapacitated by the disabilities of infancy.

We also note what this Court said in *Luques v. Luques,* 1928, 127 Me. 356, at 359, 143 A. 263, at 265, respecting the statutory impact upon a divorced father's liability for support:

"While upon a decree of divorce without any order for the custody or support of minor children, the father's common-law liability still remains, if, by virtue of the statute, an order for custody, or care and support is made, a statutory liability is substituted for the common-law liability."

■ Nevertheless, it is well settled in Maine that the jurisdiction and authority of the divorce court in matters of divorce and incidental relief such as orders for custody, support and counsel fees, are exclusively derived from the provisions of the statute. Jurisdiction over divorce is purely statutory and every power exercised by the court with reference to it must be found in the statutes or it does not exist. *McIntire v. McIntire,* 1931, 130 Me. 326, 335, 155 A. 731; *Strater v. Strater,* 1963, 159 Me. 508, 510, 196 A.2d 94; *Belanger v. Belanger,* 1968, Me., 240 A.2d 743. See also *Wilson v. Wilson,* 1947, 143 Me. 113, 56 A.2d 453; *Dumais v. Dumais,* 1956, 152 Me. 24, 122 A.2d 322.

With respect to divorce proceedings the statutes very clearly limit the authority of the court to provide for the support of offspring to cases involving *minor* children. Besides the express authority given to the divorce court in 19 M.R.S.A., § 752 (footnote 1, supra) to make an order concerning the care, custody and support of the *minor* children of the parties, the Legislature has by express terms rendered nugatory support orders for each child who reaches *majority*.

Indeed, 19 M.R.S.A., § 303 provides:

"When by court decree a parent is required to pay to the other parent money for the support of minor children, said decree shall indicate separately the amount of money to be paid for the support of each child.

"*The decree of the court shall remain in force as to each child until that child either reaches majority, becomes married, becomes a member of the armed services or the decree is altered by the court.*

Nothing in this section shall be construed to otherwise alter or change any obligation of support imposed by law." (Emphasis supplied)

See also 19 M.R.S.A., §§ 214 and 301.

That the statutes on divorce define the subject-matter jurisdiction of the divorce court has received support in other states and the general rule is that a court in a divorce action or in supplemental proceedings thereto is without authority to provide, or to continue a provision, for the support of a child after that child attains his majority. *Fellows v. Fellows,* 1972, La.App., 267 So.2d 572; *Sutherland v. Sutherland,* 1969, 77 Wash.2d 6, 459 P.2d 397.

■ Absent any contract between the parties or a special statutory provision relating thereto, the wife in a divorce action or in a proceeding to enforce the support provisions of a divorce decree is not entitled to a support order against the husband and father of the child beyond the child's

majority, notwithstanding the child's incapacity, physical or mental. *Beaudry v. Beaudry*, 1973, 132 Vt. 53, 312 A.2d 922; *O'Hair v. O'Hair*, 1972, 16 Ariz.App. 565, 494 P.2d 765; *Genda v. Superior Court, County of Pima*, 1968, 103 Ariz. 240, 439 P.2d 811; *O'Neill v. O'Neill*, 1962, 17 Wis.2d 406, 117 N.W.2d 267; *Reynolds v. Reynolds*, 1961, 274 Ala. 477, 149 So.2d 770; *Borchert v. Borchert*, 1946, 185 Md. 586, 45 A.2d 463, 162 A.L.R. 1078; *Beilstein v. Beilstein*, 1945, Ohio App., 61 N. E.2d 620.

Our statutes, in the matter of orders for support of children in proceedings before the divorce court, do not deal in terms of specific ages, but rather, in such general terms as "support of *minor* children" and "until that child . . . reaches *majority*." (Emphasis added) 19 M.R.S.A., §§ 303 and 752. At the time of the plaintiff's divorce and original support order on June 20, 1972 the age of majority had been reduced to 18 years of age. By Public Laws, 1972, Chapter 598, Section 8, enacted by the One Hundred and Fifth Legislature in Special Session and effective June 9, 1972 [1 M.R.S.A., § 73], it was provided that "persons 18 years of age or over are declared to be of majority for all purposes," and in Section 6, " 'minor or minors' means any person who has not attained the age of 18 years," [1 M.R.S.A., § 72, ss. 11–A].

■ At common law the age at which a person's status changed from that of an infant or minor to that of an adult in the case of both sexes was twenty-one years, regardless of physique, mentality, education, experience or accomplishments. See *Gastonia Personnel Corporation v. Rogers*, 1970, 276 N.C. 279, 172 S.E.2d 19; *Sprecher v. Sprecher*, 1955, 206 Md. 108, 110 A.2d

509; *In re Pincus' Estate*, 1954, 378 Pa. 102, 105 A.2d 82.

In Maine our "conceptions of personal and property rights are based upon the common law." *Wheeler v. Phoenix Assurance Company, Ltd.*, 1949, 144 Me. 105, 108, 65 A.2d 10; *Conant v. Jordan*, 1910, 107 Me. 227, 237, 77 A. 938, 31 A.L.R., N. S., 434. The English common law doctrine of majority at the age of twenty-one years has been recognized and enforced by the colonists and was adopted in Maine from statehood.

■ Subject to constitutional limitations, the age of minority or majority and, therefore, the common law rule respecting the same are within the legislative power to regulate and control. The Legislature in its wisdom may prescribe a different age and such legislative determination is binding on the courts. *Shoaf v. Shoaf,* 1972, 282 N.C. 287, 192 S.E.2d 299; *Young v. Young*, 1967, Ky., 413 S.W.2d 887; *In re Herrera*, 1943, 23 Cal.2d 206, 143 P.2d 345, 348; *Springstun v. Springstun*, 1924, 131 Wash. 109, 229 P. 14, 40 A.L.R. 595; *Hutchinson v. Till*, 1924, 212 Ala. 64, 101 So. 676. See *In re M.*, 1974, Vt., 321 A.2d 19.[2]

■ No person has a vested interest in remaining a minor until he reaches the age of twenty-one years. *Arnold v. Davis*, 1973, Tenn., 503 S.W.2d 100.

■ In light of the statutory change of the age of majority, we hold that the District Court in the exercise of its divorce jurisdiction was in error when it ruled that the defendant's obligation to support continues after the age of eighteen years and awarded the plaintiff execution for arrearages in support payments accumulated from April 25, 1973 when the daughter, Irene, reached her eighteenth birthday.

2. This case does not present any problem of retrospective application of the age of majority as altered by the Legislature, since the statute lowering the age from twenty-one to eighteen years became effective on June 9, 1972. Plaintiff's divorce decree embodying the support order involved in these

proceedings was awarded after the law went into effect, to wit, on June 20, 1972. We express no opinion on a case which presented such a problem. See *Baker v. Baker*, 1972, 80 Wash.2d 736, 498 P.2d 315.

## II. The Uniform Civil Liability for Support Act

The plaintiff-appellee, however, argues in support of the orders of the District Court, as affirmed by the Superior Court on appeal, that the Uniform Civil Liability for Support Act (19 M.R.S.A., §§ 441–453) adopted in this State in 1955 so modified the common law rule of majority respecting support of children by their parents that it amended the jurisdiction of the divorce court accordingly. We disagree.[3]

The Uniform Act provides:

(Section 442) "Every man shall support his wife and his child; and his parent when in need."

(Section 441.1) " 'Child' means a son or daughter under the age of 21 years and *a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means.*" (Emphasis supplied)

(Section 441.2) " 'Obligee' means any person to whom a duty of support is owed."

(Section 445) "The Superior Court and the District Court shall have jurisdiction of all proceedings brought under this subchapter."

(Section 451) "The rights created by this subchapter are *in addition to and not in substitution for* any other rights." (Emphasis added)

■ The Uniform Civil Liability · for Support Act, as the quoted sections clearly indicate, provides a comprehensive additional method of enforcing a parent's general duty of support and specifically gives jurisdiction of all proceedings brought under the Act to the Superior Court and the District Court. It does not purport to ex-tend the jurisdiction of said courts in matters of divorce or of support of children of divorced parents beyond majority even though physically or mentally incapacitated.

■ The divorce act expressly limits the wife's right to support of the children of the parties to the period of their minority, since it provides that the decree of the court shall remain in force as to each child until that child reaches majority. On the other hand, the Uniform Civil Liability for Support Act does not limit a father's legal obligation to support his children until majority, but expands the same in favor of a son or daughter *of whatever age* who is incapacitated from earning a living and without sufficient means. Under the Act, however, the father's duty to support his incapacitated adult daughter is a right given to the obligee, who is the daughter herself to whom the duty of support is owed. Indeed, by Section 448 of the Act the right to enforce the duty of support against the obligor is vested in the obligee, except that the State or any political subdivision thereof may proceed to do so on behalf of the obligee. The statute does not grant the ex-wife the right to enforce against the father his obligation to support his adult incapacitated child on behalf of the child, let alone on behalf of herself as the beneficiary of a support order from the divorce court.

■ While the Uniform Civil Liability for Support Act extends the common law duty of a parent to support his incapacitated child beyond the age of majority, we hold that, in the absence of a specific statutory enabling provision giving the Superior Court or the District Court the power in making an order of divorce to order additionally, either in the original proceeding or in any supplemental proceeding therein, for the support of children over the age of

---

3. Since we are holding in the instant case that the Uniform Civil Liability for Support Act has no application to support orders of the divorce court incorporated in the divorce decree or supplementary thereto, we need not decide whether the Act in its use of the age figure of 21 years in Section 441.1 was impliedly amended to 18 years by the legislative act lowering the age of majority.

minority, the wife herself is unable to enforce such duty of support of their incapacitated child beyond majority through any decree of the divorce court. Such a right may not be enforced by one parent against the other in the divorce court, but rests with the child to be enforced in a proceeding separate from the divorce case. *O'Hair v. O'Hair*, 1972, 16 Ariz.App. 565, 494 P.2d 765, 773.

The entry will be

Appeal sustained.

Case remanded to the Superior Court for the entry in that Court of an order sustaining the defendant's appeal from the District Court and remanding the case to the District Court for the District Court to dismiss the plaintiff's motion for contempt and arrearage filed in that Court against the defendant under date of June 26, 1973.

All Justices concurring.

DELAHANTY, J., sat at argument but did not participate in the decision.