Guy A. FOREST

v.

Nancy A. FOREST.

Supreme Judicial Court of Maine.

June 19, 1978.

LaFountain & Ordway by David R. Ordway (orally), Biddeford, for plaintiff.

Pine Tree Legal Assistance by Michael Asen (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

PER CURIAM.

On September 19, 1975, appellee Guy A. Forest instituted divorce proceedings against appellant Nancy A. Forest by service upon her of a summons and complaint. Pursuant to a prior agreement, the husband's prayer for relief asked that the wife be granted custody of the two minor children of the marriage. In return, she had agreed neither to file an answer nor appear at the hearing. She complied with that agreement. On January 15, 1976, the District Court granted the divorce. Contrary to his prayer in the complaint, however, the husband was given custody of the children. The wife, seeking the relief originally prayed for, moved to amend the decree on April 30, 1976.[1] Without explanation of its reasons, the District Court granted the motion on September 2, 1976. The husband thereupon filed a timely motion to amend the September 2 order and reinstate the original decree. After a full hearing on the issue of custody, raised both by that motion of the husband and by the wife's amendment of her April 30 motion, the court restored the initial order of January 15. The wife, thus again denied custody of the children, then sought relief through Rule 60(b), D.C.Civ.R. Unpersuaded, the District Court on March 17, 1977, denied her latest motion. Her subsequent appeal to the Superior Court was likewise denied.[2] It is from that denial that she now appeals to this court. We deny the appeal.

---

1. Since the motion to amend was not filed within the 10-day period required by Rule 52(b), D.C.Civ.R., we treat the motion as one made pursuant to Rule 60(b), D.C.Civ.R.

2. The appellant also appealed the District Court's refusal to make requested findings of fact under Rule 52(a), D.C.Civ.R. The Superior Court affirmed that refusal. The appellant, however, has chosen not to appeal that part of the Superior Court's decision.

Appellant's sole contention on appeal is that the initial decree entered on January 15, 1976, violated Rule 54(c), D.C.Civ.R., by granting relief directly opposite to that sought in the complaint, thereby rendering the judgment void and allowing a court to set it aside pursuant to Rule 60(b)(4), D.C. Civ.R. We need not reach that issue. Any possible invalidity of that initial decree was cured by the District Court's order of September 2 granting custody to the wife. The wife, at that point, stood in the position she claims to have been entitled to on January 15, 1976.

■ In divorce proceedings the District Court has full authority, and indeed responsibility, to award custody of minor children upon its determination of the relative fitness of the parents and the welfare of the children. See 19 M.R.S.A. § 752 (Supp. 1977); Baril v. Baril, Me., 354 A.2d 392, 395 (1976). The husband, by his motion to amend the September 2 decree, invoked that jurisdiction, and the wife, by amending her April 30 motion, fully joined issue on the custody question. A full evidentiary hearing on the custody issue was held, resulting in a judicial determination that the husband should have custody of the children, subject to visitation rights in the wife. Given the fact that the wife fully participated in the District Court hearing on the custody question, she cannot now be heard to complain of alleged surprise, fraud, or invalidity arising from the initial decree entered in January 1976. A defect, if such there was, in that decree has become ancient history. A prompt conclusion of this protracted domestic litigation is now in order.

The entry must be:

Appeal denied.

Judgment affirmed.

GODFREY, J., did not sit.